## No. 153.

### THE STATE OF LOUISIANA VS. DENNIS BOYD.

In a capital case the action of the District Judge who orders the trial of an accused on the same day that he is arraigned, in the unforeseen absence of his chosen and retained counsel, and refuses to attorneys appointed to him by the Court more than three hours' time to prepare their defense, is erroneous in law and unjust to the accused.

Under such circumstances, his refusal to postpone the trial for two judicial days will be reversed on appeal, and the case remanded for another trial.

APPEAL from the Second District Court, Parish of Bossier.
Drew, J.

J. A. W. Lowry, District Attorney, and M. C. Elstner for the State, Appellee.

J. D. Watkins, J. E. Reynolds and J. H. Keyser for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   The principal complaint of the defendant, who has been sentenced to death under a conviction for murder, grows out of the alleged refusal of the trial judge to allow him sufficient or reasonable time to prepare for his defense.

The record shows that between the date of the indictment and that of the arraignment the accused had secured the services of a prominent attorney of that bar to defend him, and that on the day of his trial his chosen counsel was absent from the Court, without his knowledge.   In the meantime he had on two occasions been warned by the Judge to be ready for trial, and on the suggestion of the Judge that there might be some misunderstanding touching the employment of his chosen counsel, the accused was tendered counsel under appointment of the Court.   The offer was declined by the accused, who stated that he preferred to be defended by the attorney of his own choice.

He was arraigned on the day primarily fixed for his trial, and his attorney being absent, the Court appointed two members of the Bar to defend him, and allowed them three hours for the preparation of their case.

At the expiration of that time they presented a motion, supported by the affidavit of the accused, stating that they had not had reasonable time to prepare his defense, and asking a postponement of the trial from that (Friday) to the Monday following, on which day the Court would sit, by which time they could be ready for trial, and on which day they expected the attendance of defendant's chosen counsel.

Their motion was overruled and the trial proceeded.

We think that their request was reasonable and legal, and that the Judge's refusal was erroneous.   This case falls within the scope of the

ruling in Horn's case, 34 Ann. 100, and it must share the same fate.

Counsel for the State strenuously contend that the circumstances of this case are precisely similar to those presented in Berry Johnson's case, 36 Ann. 852. But in this they are mistaken. In that case the counsel of the accused had abandoned his client and had notified him thereof; in the instant case the accused had not been abandoned by his attorney, whose attendance he had every reason to expect. The record shows that three days previous to the day of trial that counsel had personally ordered witnesses to be subpœnæd, under his own signature, hence the accused was guilty of no laches in making no efforts to secure the services of other counsel. Again, in Johnson's case the accused had been arraigned one week previous to his trial, and in this case the defendant was arraigned on the very day of his trial only. This of itself was an irregularity which this tribunal cannot countenance.

In the case of the State vs. Chenier, 32 Ann. 103, this Court, through Judge Spencer, used the following emphatic language on a similar irregularity : " The prisoner must be arraigned and must plead to the indictment before the case can be set down for trial or tried."

"It may be that in this particular case no prejudice was wrought to the accused. Still we think it unsafe to sanction such irregularities in capital cases."

The accused in the instant case was clearly entitled to the short and reasonable delay which he asked of the Court, when confronted with a trial for his life in the unforeseen and unexpected absence of his counsel, and we must presume that he has suffered injury from the refusal of the same.

We feel constrained on that account to reopen the case.

It is therefore ordered that the verdict and sentence appealed from be annulled and set aside, and that this cause be remanded to the lower court for further proceedings according to law.