## No. 307.

### SIMON LEVY, JR., VS. WILLIAM WINTER.

1. In case a single collateral is pledged, by two separate and distinct contracts, to two creditors, whose claims aggregate the value of the collateral, possession by one is a possession for the benefit of the other, and, in this respect, each is the agent of the other *pro hac vice.*

2. Suit brought by one creditor against the common debtor, seeking the collection and application of the proceeds of the collateral to the extent of *his* demand, does not affect or impair the rights of the other.

APEAL from the First District Court, Parish of Caddo.
    *Taylor, J.*

---

*Land & Land* for Plaintiff and Appellant:

1. The note being payable to bearer, the legal title was in the holder, and none other could sue upon it. 32 An. 588; Dan. Neg. Inst., Sec. 1192.

2. The judgment in favor of Cahn, in the case reported in 42 An. 965, is *res adjudicata* that he was the holder of the note, not only against the parties to that suit, but against all others claiming an interest therein. Succession of Gilmore, 12 An. 563.

3. The note was merged in the judgment, and ceased to exist. 42 La. An. 152. The mortgage was indivisible, and could not be enforced by Cahn and *afterward* by Winter.

4. It follows that the payments made to Winter, *pendente lite*, on his representations that *he* was the holder of the note and under *his* threats of foreclosing the mortgage, were made in error of fact and of law, and should be restored to plaintiff. C. C. 2301.

*Wise & Herndon* for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J.   This is a suit for the recovery and restitution of certain sums of money the plaintiff claims to have paid the defendant in error, under the circumstances related in his petition.

A certain promissory note for the sum of $7000, drawn to the order of, and indorsed by S. N. Ford, and payable at a future date, was by the maker and indorser delivered to one Adolph Cahn, as a collateral security for Ford's indebtedness to Cahn of something more than $3500.   Levy vs. Ford, 41 An. 873.

Subsequently Ford pledged this note—which was secured by special mortgage—to the present defendant, with Cahn's consent, thereby intending to secure with the *surplus* in excess of Cahn's claim against Ford, certain indebtedness of W. P. Ford and S. N. Ford to him, and also the indorsement of S. N. Ford on the Bourkin rent notes that were antecedently pledged to said defendant.   Levy vs. Ford, *supra*.

Cahn brought suit against Ford in the foreclosure of that mortgage and joined Winter as a co-defendant, and prayed for judgment, attributing the proceeds of sale to the payment of his debt by preference.

To this prayer the defendant in that suit made no objection.  Levy, the present plaintiff, intervened, and denying Cahn's ownership of the mortgage collateral, alleged that he had an interest in having it adjudged that Winter be preferred to Cahn in the distribution, and he prayed judgment to that effect.   In this court it was held that the question of preference in payment was one purely personal to Cahn and Winter, and with which Levy had nothing to do; and the demands of Levy were rejected.   Cahn vs. Ford, 42 An. 965.

During the pendency of this suit, the mortgaged property was sent to sale under a junior mortgage held by Levy, and it was purchased by him at the price of $12,500, of which he retained the sum of $7000

and upwards, to meet taxes and prior encumbrances.   Out of this sum he paid Winter $1,547.75 on account of the indebtedness of W. P. and S. N. Ford, and the further sum of $1558.37, on account of S. N. Ford's indorsement of the rent notes.

These are the sums plaintiff seeks to recover from Winter on the ground that they were paid in error of law and fact.

The contention of plaintiff's counsel is, that because Winter surrendered to Cahn the custody and possession of the mortgage collateral for use in that suit, and whereby he was enabled to obtain judgment thereon, coupled with his failure to make any defense therein, he waived and lost whatever right or interest he had in the pledge of said note.

The plaintiff further urges the judgment and decree of this court in the aforesaid suit of Cahn vs. Ford, *supra*, as forming *res adjudicata* as to the defenses set up by Winter here.

These questions may be summarily disposed of.   In Levy vs. Ford, *supra*, all of these questions were gone into and decided in respect to Winter; and those affecting Cahn were gone into and decided in Cahn vs. Ford, *supra*.   The questions settled by those two decisions in this respect were, that Ford first pledged the $7000 mortgage note to Cahn to secure an indebtedness of about $3500; and subsequently, and with Cahn's consent, this note was also pledged to Winter, for the *surplus* above Cahn's claim. This was most clearly and definitely understood and agreed upon by and between the three parties, Ford, Cahn and Winter. One note was, by two separate contracts, pledged to two different parties.   It being payable to bearer, no formal written act of pledge was necessary or made.   It was, under the circumstances, a matter immaterial whether the physical possession and actual custody of the pledge was in Cahn or Winter.   They had a perfect right to hold and use it indifferently.   The fact that when Cahn sued Ford and Winter, the former called for, and the latter furnished, the note to be filed as the evidence of *this right of Cahn*, is of no consequence to Levy.   The suit of Cahn was founded on Ford's indebtedness to him, and the collateral note was employed and used only as an adjunct and accessory thereof.

The judgment therein rendered did not extinguish the obligation of that note.   Nothing but the seizure and sale of the mortgaged property, and the payment of the proceeds thereof to Cahn, did extinguish it, and only *pro tanto*.

Cahn and Winter had each a fixed interest in the collateral; and when, by means of judgment, seizure and sale, and payment to Cahn of his debt, with interest and cost, his claim was extinguished, the right of Winter to demand and receive the *residue* became absolute and determined. As the learned judge of the District Court aptly phrases it, " possession by one was a possession for the benefit of the other, and in this respect each was the agent of the other *pro hac vice.*"

We are of opinion that, by that suit, nor by its conduct or management, was any of the rights of Winter in any manner affected. No right of his was impaired by the judgment and decree thereon rendered; and same can not be given the effect of *res adjudicata.*

One pledgee may lawfully seize and sell effects pledged to another, without prejudice to the subordinate, or alternative, rights of the other on the pledge. Homer vs. Sheriff, 34 An. 389; Pickens vs. Wester, 31 An. 865.

Judgment affirmed.