No. 13,634.

STATE OF LOUISIANA VS. JIM COLLINS.

|104  629|
|e110 374|

· SYLLABUS.

1. It is a requirement of the Constitution that a person charged with crime shall have "the assistance of counsel."
2. To make this right effective, counsel appointed to defend the accused should be accorded a reasonable time to prepare for the defence.
3. In a murder case, where the indictment was returned, the accused assigned counsel, arraigned and the case set for trial, all done on the first day of the term, which was Monday, and the day fixed for trial was the Thursday following and actually tried on Friday, a postponement applied for by the accused and his counsel on the ground that the latter, engrossed with other business before the court, had not had time to prepare the defence, should have been granted.
4. "The law travels with a leaden heel, but strikes with an iron hand," is a maxim pregnant with obvious meaning.

A PPEAL from the Fifth Judicial District, Parish of Winn— Machen, J.

Walter Guion, Attorney General, and A. B. Hundley, District Attorney (Lewis Guion, of counsel) for Plaintiff, Appellee.

W. M. Wallace and Earl E. Kidd for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Defendant appeals from a death sentence.

The District Court convened in regular session at Winnfield on July 16, 1900. The grand jury was empaneled and proceeded with the discharge of its duties. It returned into court an indictment for murder against the accused. He was brought into court from the parish jail, an attorney appointed to represent him (he being without counsel), was arraigned, pleaded not guilty and his case set for trial the following Thursday, July 19, 1900.

All of this was done on the first day of the term.

On Wednesday, July 18th, on motion of E. E. Kidd, the attorney appointed to represent him,· W. M. Wallace, attorney at law, was appointed as associate counsel in the case.

The next day, Thursday, the day assigned for the trial, the court

seems to have been occupied with other business, and the case went over to Friday.

On Friday it was called for trial, whereupon counsel appointed to the prisoner presented a motion for continuance, setting forth, *inter alia,* that the bill against him had been found and presented on Monday evening preceding, which was the first day of the term; that he had been unable to employ counsel for the reason that he had no means at his immediate command; that counsel had been appointed to him at once upon the presentation of the indictment; that he had been unable, on account of the rapidity of the proceedings in his case, to make arrangements for counsel of his choice to defend him; that he had even been unable to fully explain his case to the counsel appointed to him so that they might prepare for his defence; that the reason he had been unable to confer with them was because they had been continuously engaged in other business before the court; that he had used all due diligence to communicate and confer with them without avail; and that the application was not made for delay but that justice might be done.

This was signed by the attorneys and sworn to by the accused.

The motion for continuance was overruled and the case ordered to trial, with the result that the accused was convicted.

A bill of exceptions was reserved to this ruling, and it is urged here that the undue haste and precipitancy with which this trial was pushed through entitles the accused to a reversal of the verdict and sentence and another trial in the court *a qua.*

We gather from the brief of his counsel that following the murder, which the indictment avers was committed on June 4, 1900—the victim being a white man—the accused, a colored man, was arrested and incarcerated in the parish jail; that a few days subsequently an attempt was made to lynch him; that this was only prevented by the efforts of the district judge and sheriff; that following this attempt at lynching, the judge, for the better security of the prisoner, directed the sheriff to carry him to the jail in Ouachita Parish, which was done; and that he was kept confined there until Sunday night, July 15th, the day before the court convened in Winn Parish, when he was brought back to the jail in the latter parish.

The point is made that while in jail in Ouachita Parish he was far removed from relatives and friends and could not there make preparations for his defence.

State vs. Collins.

Also that the trial of the case was assigned by the prosecution for a date as early as possible under the law, which requires two days' service of copies of the venire and indictment. Indicted on Monday, set for trial on Thursday—Tuesday and Wednesday only intervening.

The further point is made that the senior counsel appointed to defend him was employed in all the cases that came before the court at that term and hence his time was too much engrossed to prepare the instant case for trial in the short time intervening between indictment and trial, and while, as the judge *a quo* states in his reasons for overruling the motion for continuance, he (the counsel) argued no cases up to Wednesday of the first week of court, the fact remains that he devoted his time and attention to the cases, did not argue those that were tried because not considered necessary since the same were argued by his associate counsel, but was present and took part in the several trials.

With regard to the junior counsel appointed to the accused, it is urged that he became connected with the case only on Wednesday, the day before the case was set for trial—too late to be of any service in preparing the case for trial. Besides, it is stated that he, too, was employed in all the cases which came up for trial and were tried on Wednesday, the day of his appointment herein, and the next day, Thursday.

While the zeal displayed by our learned brother of the District Court in the prompt vindication and enforcement of the law merits commendation, we are yet constrained to hold that, in this instance, he carried it a little too far. We differ from him in his ruling denying the continuance sought.

This was a capital case. The life of a human being was at stake and for the time being it was sheltered by the presumption of innocence. Great deliberation—an utter absence of precipitancy—should have characterized every movement of the court leading up to the conviction.

"The law travels with a leaden heel, but strikes with an iron hand"— is a maxim pregnant with obvious meaning.

In this instance it doffed the "leaden heel" yet struck with the iron hand.

It is not unlikely that the previous attempt at lynching and the apprehension felt by the officers of the law of a second attempt being made in case of delay in bringing the accused to trial, may have influenced the situation to his detriment and caused the undue haste complained of.

But this cannot be accorded the weight of justifying departure from the rule of calm deliberation. The right "to have the assistance of counsel" is one conferred by the Constitution itself.

Reasonable time to prepare for his defense should have been allowed the counsel who had by direction of the court undertaken its responsibility. Only in this way could their "assistance" be made effective. Theirs was a task to be discharged without recompense. They had other duties to perform in connection with the court, growing out of employment in other cases bringing them professional fees. It was not to be expected they would lay these aside and devote themselves solely to preparation for the defense of the instant case which brought them no reward. It does not seem to us that time enough was allowed for both.

In State vs. Rose Simpson, 38 La. Ann. 23, which was a murder trial, the indictment was returned into court on the 5th of October. The accused was arraigned and counsel assigned her the same day, and the case fixed for trial on the 9th of the same month. On that day the counsel asked a continuance on the ground that he had been assigned as counsel only four days before and had not had time to prepare to try the case because occupied with a mass of other business. He stated he believed there was a valid defense and that a reasonable time should be given to prepare it. He made affidavit himself to the averment of his motion.

The continuance was refused. This court, on appeal, held it was error and reversed the verdict and sentence. In doing so this language was used:—

"Considering that the offence charged was murder, that the indictment had only been filed at the same term of court, that the counsel assigned for the defense was a non-resident of the parish where the court was held, and had no sufficient opportunity to confer with the witnesses, and that the defense to be made required great research of authorities on a question of much difficulty and intricacy, we think the judge a quo erred in overruling the motion."

Further along in its opinion, the court, speaking of the constitutional guaranty to persons charged with crime the right to be heard by counsel, said:—

"It would be a barren right if the counsel were not allowed a reasonable time to prepare for the defense, time to investigate the facts and to examine the law applicable to the case."

And concluding its opinion the court said:—

"A review of the entire record satisfies us that the prosecution was characterized by undue haste, scarcely compatible with the guarantee of a fair and impartial trial."

It is true, in that case, it was the counsel himself who swore to the inadequacy of the time which had been at his disposal to prepare for the defense. Here, the motion for continuance on the same ground was prepared and signed by the counsel appointed to the prisoner, but it was the latter who made the affidavit to the truth of its averments. The attorney should have made this affidavit and it was error not to have done so, but, under the circumstances of this case, we are constrained to hold that it is not sufficiently grave to warrant sustaining this verdict on that ground alone.

In State vs. Brooks, 39 La. Ann. 241, the homicide was committed on September 29th. The accused was indicted and arraigned on the 4th of October following and his trial fixed for the 9th—five days later. Definite arrangements for counsel to defend him were not made until the day before the one assigned for the trial. Application for continuance was made on the ground of lack of time to prepare the defense. It was refused. This court held it was error, laying stress upon the fact that it appeared the accused was convicted on the *ninth* day following the commission of the offence for which he was indicted, and that the application for continuance was made on the first calling of the case for trial.

In State vs. Deschamps, 41 La. Ann. 1051, this court reviewed the question at length and collated the authorities bearing thereon. Application for continuance was there made under oath by counsel assigned to the accused. He had been appointed only forty-eight hours previous to the calling of the case for trial. He had had no sufficient time to prepare the defense. He asked the indulgence of the court for time to prepare it. It was refused. On appeal here, held reversible error.

See also State vs. Boyd, 37 La. Ann. 781, and State vs. Horn, 34 La. Ann. 100.

These authorities establish the rule that counsel appointed to defend persons charged with crime should be allowed a reasonable time in which to prepare for trial, and this without being forced to a showing as to witnesses, and what is expected to be proven by them. Also that what is a reasonable time will not be left entirely to the discretion of the judge, but the same is reviewable here.

Under the circumstances of this case, the two or three days intervening between the assignment of counsel and the day of trial was not sufficient time in which to prepare to try a murder case. The case should have been allowed to go over, at least, to the second week of the term.

For the reasons assigned it is ordered, adjudged and decreed that the verdict and sentence be annulled, avoided and reversed and that the cause be remanded to the court a qua to be proceeded with according to law.

Rehearing refused.