THOMAS JONES v. THE STATE.

No. 5089.   Decided June 26, 1918.

**Rape—Attorney and Client—Preparation for Trial.**

Where, upon trial of rape upon a female under the age of consent, attorneys were appointed for the defense, who asked time to consider the case and prepare a defense, and thereupon moved the court to postpone the trial until they could secure the witnesses from a distant place, which the court refused, and it was shown in the motion for a new trial that the attorneys had not sufficient time to prepare for trial, and that the absent testimony was material, a new trial should have been granted.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of rape upon a female under the age of consent; penalty, ninety-nine years in the penitentiary.

The opinion states the case.

*T. E. Haltom* and *C. J. Matthews,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for rape on a girl under fifteen years of age. The punishment assessed was for ninety-nine years in the penitentiary.

When the case was called for trial the attorneys who represented the defendant were called from their office by the court and appointed to represent appellant in the trial. They knew nothing of the case and asked time to consider and look into it to the end that they might give the defendant the benefit of their service under the law and to the end that he might have a fair trial as they thought the law and the facts justified. To this end they moved the court to postpone the case a sufficient time for them to get witnesses from Wichita Falls, from which place the defendant and prosecutrix had removed to San Antonio. The

court informed them that he would allow them two days in which to confer with, and if they thought proper to secure the attendance of the witnesses from Wichita Falls. They contended, and correctly so we think, that this was not sufficient time, and were put to trial. We think this was error, especially in the light of later developments.

Appellant's wife at the time of the trial was in the insane asylum for temporary cause. Appellant's contention was that he had not had intercourse with his daughter, and that her prosecution of him was for ulterior purposes and reasons and her testimony false. On the motion for new trial there were attached affidavits going to sustain his theory of the case. His wife had become restored to a sane condition in the meantime and filed an affidavit, attached to the motion for new trial, which tended strongly to disprove the State's case. The doctor who testified in behalf of the State as to the examination of the girl also filed an affidavit, attached to the motion for new trial, which would tend to show that the previous condition of the girl's private parts could have been produced from other causes than sexual intercourse. He testified cautiously that the girl's private parts showed one of two things, that she had been having sexual intercourse, or had been committing masturbation. There was nothing from his examination showing recent acts of copulation. The wife would have testified, as shown by the affidavit, that when they were living in Arkansas and the girl was about five or six years of age, she had a case of gonorrhea, and recovered from this under the treatment of a physician. The physician who testified on the trial also files an affidavit in connection with this statement, to the effect that if the wife's statements were true, it might and could account for the condition of the girl's private parts at the time he made the examination. There is testimony also from the witnesses who were absent at Wichita Falls showing the girl was in the habit of going out at night with other parties consisting, among others, of young men, and that she was self-willed and disobedient, and that she had threatened to get even with her father because of his attempted control of her conduct. There is also testimony from the witnesses at Wichita Falls, alleged to be newly discovered, that during the last year or two of prosecutrix's life she had been pretty headstrong and self-willed and had gotten to be "a little rapid." It could have been shown also that while living in San Antonio, when appellant left the house where he and prosecutrix were boarding to go to work he would instruct the girl to fix his room and his bed, and that she did not and would not do so, and this brought friction between them; that he would reprimand her for such conduct.

Take the case as it is, we are of opinion that appellant should have had ample time to prepare for his trial under a serious charge as this, and that under the facts shown on the motion for new trial he should have been awarded a new trial. This charge is a very serious one, and the punishment allotted was severe. These matters rendered it, we

think, the more necessary that appellant should have had ample time to prepare the case and get the witnesses, and the facts shown on the motion for new trial were of such a nature to require the granting of said motion.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*