188 So. 391

### AVERY v. STATE.

2 Div. 144.

Supreme Court of Alabama.

April 27, 1939.

John Foshee and L. S. Moore, both of Centerville, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

GARDNER, Justice.

The appeal is from a judgment of conviction of murder in the first degree, with infliction of the death penalty.

·Before arraignment, defendant having no counsel, the trial court appointed two members of the local bar to defend him, and the record·discloses these attorneys conscientiously exerted all reasonable efforts in his behalf. Their appointment was on Monday March 21st, and the case was set for trial two days thereafter, but was not reached for trial until March 24th, at which time counsel made motion in writing for a continuance of the cause for lack of time for preparation.

Our examination of this record fails to disclose any order of the court on this motion. If a ruling was had thereon it does not here appear. The case proceeded to trial on the 24th, and a motion for a new trial, based upon the same grounds set forth in the motion for continuance, was denied. In view of the absence of any ruling on the motion for continuance, it may be seriously questioned that this matter is properly here presented for review. But whether so or not, and conceding for the moment its proper presentation, no reversible error would be made to appear.

██ Here the appointment of counsel was no mere "empty formality", as insisted in brief, with citation of Powell v. State, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A. L.R. 527. This case presents no analogy to the Powell case, supra, nor to the other authorities called to our attention, viz.: Blackman v. State, 76 Ga. 288; State v. Collins, 104 La. 629, 29 So. 180, 81 Am.St. Rep. 150; North v. People, 139 Ill. 81, 28 N. E. 966; State v. Simpson, 38 La.Ann. 23; Noel v. State, 17 Okl.Cr. 308, 188 P. 688; Jones v. State, 84 Tex.Cr. 4, 204 S.W. 437, as well as others cited in the note to Powell v. State, supra. The appointment here was far from a mere formality, and, indeed, this record shows that the two attorneys designated by the court to represent defendant, did their full duty intelligently and well.

The trial court's examination of counsel, on the hearing of the motion for a new trial, demonstrates without further elaboration, there was presented no necessity for a continuance of the case, and we think the record discloses that the difficulty under which counsel labored related to the lack of material on which to base a defense, rather than any mere matter of time.

There were three eyewitnesses to the killing who testified for the State. Deceased .was defendant's wife, though the couple had been living apart for two months, and unarmed was on her way from the house to get a wash-tub when the defendant shot her with a pistol as she ran. "When she broke to run, he fired at her twice. She turned round and made two or three steps toward him and fell on her face. He approached her then and stood above her and shot twice across her. She was still lying on her face. Then he walked back of her and fired a shot back here in the back of her head."

This was in February 1932. Defendant ran and was apprehended a short time before the trial (March 24, 1938) in Pennsylvania, denied that his name was Lonnie Avery, or that he .came from Bibb County, or knew anyone there. Defendant did not deny the death of his wife from pistol shot wounds, but his defense was rested upon the theory that deceased had the pistol which she drew from her sweater as they argued, and as she drew out the pistol, he attempted to take it from her and the pistol fired accidentally.

Counsel first interposed a plea of not guilty, and another of not guilty by reason of insanity, but upon the trial withdrew the latter plea. It is quite evident counsel became convinced this latter plea could not be sustained, and there is nothing in the record to indicate any improvement in this situation had the case been continued.

No witnesses for defendant were suggested, and we think it very clearly appears that those who testified were the only persons who were present.

██ The matter of continuance was in' the sound discretion of the court, and it is clear enough no abuse of that discretion here appears. 6 Alabama Digest, Criminal Law, ☞586, et seq.; 16 Corpus Juris 482.

██ The trial court . fully charged the jury both upon murder in the first and second degree, and furnished forms of verdict relating thereto, as well as a form for a verdict of not guilty. He likewise charged the jury as to an accident, and that if the killing was an accident the defendant might be acquitted. For the trial court's failure to furnish a form of verdict for manslaughter, defendant reserved an exception. But the mere failure of the court in that regard would not be here reviewable under McPherson v. State, 198

Ala. 5, 6, 73 So. 387. See, also, Peterson v. State, 227 Ala. 361, 150 So. 156.

This aside, however, there was nothing in the record calling for a consideration of manslaughter in the first degree, to which exception related. Whitehead v. State, 206 Ala. 288, 90 So. 351.

We have treated the matter mentioned and discussed in brief. But mindful of our duty in cases of this character, we have examined the record for any reversible error that might appear, and upon due consideration, we find no error to reverse. Accordingly the judgment must stand affirmed.

Affirmed.

ANDERSON C. J., and THOMAS, BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.