Commonwealth ex rel. Quinn *v.* Smith, Warden.

*Herbert L. Maris,* for relator.

*John H. Maurer,* Assistant District Attorney and *Charles F. Kelley,* District Attorney, for Commonwealth.

OPINION BY KELLER, P. J., April 16, 1941:

The relator on June 8, 1925 was indicted, tried and convicted in the Court of Quarter Sessions of Philadelphia County (No. 1052 May Sessions 1925) of feloniously stealing an automobile, (Act of May 1, 1919, P. L. 99), and was sentenced to the Eastern State Penitentiary for a term of not less than five years nor more than ten years. On June 8, 1930 he was paroled.

On November 30, 1930, while on parole he was arrested in the State of New Jersey charged with the illegal possession of firearms and the larceny of an automobile, and on March 5, 1931 was found guilty and sentenced to imprisonment in the New Jersey State Prison. The conviction was reversed on March 22, 1932 but, while at liberty pending his appeal, he was arrested in New Jersey on charges of sodomy and carrying weapons unlawfully and on April 30, 1932 was tried and found guilty and sentenced to a term of twenty years in the New Jersey State Penitentiary. He was released from that imprisonment on October 1, 1940 and returned to the Pennsylvania Eastern State Penitentiary to serve the unexpired term (five years) of his maximum sentence under No. 1052 May Sessions 1925.

His petition for writ of habeas corpus alleges that he did not have counsel at the trial on June 8, 1925, was not represented by counsel, was not informed of his right to have counsel, did not have counsel appointed by the court, and did nothing to waive his constitutional right to be represented by counsel. He relies on our decision in *Com. ex rel. Schultz v. Smith, Warden,* 139 Pa. Superior Ct. 357, 11 A. 2d 656. It will be noted that the present application is made over fifteen and a half years after the trial, and over ten and a half years after his release on parole; his failure to receive an absolute discharge on June 8, 1935, over five and a half years before the filing of this petition, was due to his incarceration in the prison or penitentiary of another State because of violation of its criminal statutes.

The return filed by the District Attorney, which was not denied by the relator, and the original records sent up by the Court of Quarter Sessions of Philadelphia County, show that relator possessed a considerable acquaintance with the procedure in our criminal courts.

On December 23, 1924 he was tried jointly with Herbert Lippincott and John Lynch, at No. 308 December Sessions 1924, for the larceny of an automobile.

A pencil notation on the indictment shows that counsel (Everett A. Schofield) appeared for the defendant Lippincott, and they were all acquitted.

On the same day, the same defendants were brought to trial at No. 309 December Sessions 1924 for operating a motor vehicle without the consent of the owner. This indictment also bears a like notation of the appearance of counsel for Lippincott. Pleas of not guilty were entered, but those pleas were later withdrawn and pleas of guilty entered. Sentence was suspended and defendants discharged on probation for a period of one year, by Judge DAVIS.

On April 7, 1925, relator was tried jointly with Earl Brady, Charles Roach and John Carpenter, to No. 918 March Sessions 1925, for the larceny of an automobile. Pencil notations on the indictment show that Brady was represented by counsel (A. J. Quinn) and Roach by C. S. Patterson, Jr. The indictment was nol prossed as to Carpenter, and the other three defendants, including relator, were on April 8, 1925, found not guilty.

At the same time, the same defendants were jointly tried at No. 919 March Sessions 1925, charged with operating a motor vehicle without the consent of the owner, with the same result, except that Roach was found guilty, and sentence on him was suspended by Judge AUDENREID.

Indictments for larceny of another automobile and for operating a motor vehicle without the consent of the owner, were found against the same defendants to Nos. 920 and 921 March Sessions 1925, and tried at the same time—with pencil notation thereon that C. S. Patterson, Jr. appeared for Roach. Verdicts of not guilty were rendered as to all.

On April 27, 1925, relator was tried on indictments against him alone, charging him with (1) larceny of another automobile (192 April Sessions 1925) and (2) operating a motor vehicle without the consent of the owner. A pencil notation on these indictments shows

that he was represented by C. S. Patterson, Jr. as his counsel. He was acquitted on both charges.

On June 8, 1925, he was tried before Judge HARRY S. McDEVITT on indictments charging him with (1) larceny of an automobile (1052 May Sessions 1925, the indictment in the proceeding now under consideration) and (2) operating a motor vehicle without the consent of the owner (No. 1053 May Sessions 1925) and was found guilty and sentenced on No. 1052 as above set forth.

On October 14, 1930, relator under the name James Foley, alias Michael Quinn, and James Cummings, alias Bird, were tried together on indictments charging (1) the larceny of an automobile (1093 September Sessions 1930) and (2) operating an automobile without the consent of the owner (1094 September Sessions 1930). A pencil notation on the indictments shows that C. S. Patterson, Jr. represented both defendants as counsel. Relator was acquitted on both indictments and Cummings was convicted.

The District Attorney's return sets forth the following averments which were not denied by the relator:

"That the District Attorney's *trial lists* in the above cases contain no reference that the relator and other defendants were represented by counsel (it was not the practice to do so at that time); that no notes of testimony are filed of record or available in any of the above cases. That the Commonwealth, by reason of the lapse of fifteen and a half years since the trial on June 8, 1925, has not been able to locate witness Joseph Roseman and witness John L. Bockol, both of whom were formerly of 5624 Florence Avenue; that Detectives Murray, Liebrandt and Falvey have since died; that Officer Thomas Critchfield, now retired, has no recollection of the case; the Judge HARRY S. McDEVITT also has no recollection of the case; that Charles F. Kelley, Esq. the then prosecutor, is out of town and will not return until March 8, 1941."

We are of opinion (1) that the foregoing recital of

his trials as a defendant in the Court of Quarter Sessions of Philadelphia County from December 1924 to June 1925, resulting in his plea of guilty on one charge and his acquittal on seven charges, showed such an acquaintance on his part with criminal procedure as fairly to justify an inference that he was familiar with his constitutional right to be represented by counsel, and that if he was not represented by counsel at his trial to No. 1052 May Sessions 1925, it was because he did not desire to be so represented. (2) But in any event, we are of the opinion that his delay in making this application until such a great length of time had elapsed that the Judge who presided at the trial has no recollection of what occurred there, as respects the relator being represented by counsel, or requesting the appointment of counsel, or refusing or waiving the appointment of counsel for him, and five of the six witnesses for the prosecution at the trial have died or cannot be found, and the sixth has no recollection of the trial of the case,—there being no stenographic notes or notes of testimony of the trial—convicts him of such laches as to call for a refusal of the prayer of his petition, and prevents his discharge from confinement.

The sentence under which he is now confined would long since have expired had it not been for his criminal acts in New Jersey, and the responsibility therefor rests upon himself alone.

We are of opinion that, by reason of his subsequent criminal conduct, it is now too late to enter upon a full and proper investigation into the matters alleged in his petition and arrive at a just determination of their truth or falsity.

The rule is discharged and the petition denied.