19 N.J. Super. 589 (1952)
89 A.2d 45
WALTER P. ZASADA, APPELLANT,
v.
STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 24, 1952.
Decided May 21, 1952.
*592 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Walter P. Zasada, pro se, presented a brief.
Mr. Harry L. Towe and Mr. Paul T. Huckin, Deputies Attorney-General, presented a brief for the State.
BIGELOW, J.A.D.
Zasada has been a prisoner in the State Prison since August, 1949, when he was sentenced in the Criminal Judicial District Court of Bergen County on three separate convictions for breaking and entering, to imprisonment for not less than five years nor more than seven years. The three sentences run concurrently. Last fall he obtained a writ of habeas corpus and, after the hearing thereon, judgment remanding the prisoner to the State Prison was entered October 19, 1951. Zasada appeals. The chief ground on which he secured the writ was his allegation that he was denied the assistance of counsel at his trial.
The Attorney-General informs us that the court records disclose that Zasada signed a waiver of indictment and trial by jury in all three cases, and that the waivers are dated *593 July 13, 1949. On July 26, the prosecutor presented the waivers to the County Court judge and the latter, by instrument bearing the same date, referred the cases to Judge Reeve of the Criminal Judicial District Court for trial and determination. We are not informed of the date when the prosecutor drew and filed the formal accusations against Zasada but the very next day after the cases were referred to the district court, Zasada was arraigned in that court, pleaded not guilty and was tried and convicted, all on July 27, 1949. The Attorney-General concedes that Zasada was not represented by counsel at any stage of the proceedings.
On the habeas corpus, Zasada testified in substance as follows: He was arrested on July 6, 1949, and taken to the police station in Palisade Park on a charge of burglary. A week or so later, he was arraigned in the Criminal Judicial District Court of Bergen County, where he entered a plea of not guilty and bail was fixed at $10,000. The judge asked him if he would have an attorney at his trial and he answered in the affirmative, advising the judge that he had sufficient money to employ an attorney. He was then remanded in default of bail for trial the following week. While in the county jail, he attempted to persuade the warden to obtain an attorney for him but his requests were ignored by certain jailers. Then he came again before the judge and was required to stand trial without an attorney. We surmise that Zasada's first appearance before the district court was informal and was in anticipation of the reference that actually was made a week later.
The State produced on the habeas corpus a lieutenant of the Palisade Park Police Department, who testified that he was present at Zasada's trial on July 27 and that Judge Reeve reminded the defendant of his statement that he had expected to have an attorney in court to represent him. The defendant then said he still wanted to obtain an attorney and asked that the case be laid over. Judge Reeve denied the request and proceeded to trial with the resulting conviction.
*594 The learned judge who sat on the habeas corpus and has furnished us with a summary of the proceedings, found "that the petitioner had failed to establish an invasion of his constitutional rights. He undoubtedly quibbled with the trial court about an attorney and it seemed to me fell far short of showing an invasion of his constitutional right to the assistance of counsel."
A defendant in a criminal prosecution may choose to conduct his own defense and waive his right to counsel. But the presumption is against such a waiver. State v. Griffith, 14 N.J. Super. 77 (App. Div. 1951); Glasser v. U.S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). And aside from the presumption, the record before us indicates that there was no waiver by Zasada.
Our New Jersey Constitution of 1844, Art. I, § 8, and our present Constitution, Art. I, par. 10, adopt the language of the Sixth Amendment to the Constitution of the United States: "In all criminal prosecutions the accused shall have the right * * * to have the assistance of counsel in his defense." It is settled in cases arising under the Sixth Amendment, that a compliance therewith is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. If the right of the accused to the assistance of counsel is violated, the trial court loses jurisdiction, the judgment of conviction is void, and the prisoner may obtain release on habeas corpus. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Since the Sixth Amendment applies only to trials in the federal courts, the cases in which the United States Supreme Court has considered the right to the assistance of counsel in the state courts have arisen under the due process clause of the Fourteenth Amendment. But judicial action by a state court which, if it had occurred in a federal court, would violate the Sixth Amendment, does not necessarily deprive the accused of due process of law. The phrase, due process, "formulates a concept less rigid and more fluid than those envisaged in other specific and particular *595 provisions of the Bill of Rights. Its application is less a matter of rule. Asserted denial is to be tested by an appraisal of the totality of facts in a given case." Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942); Bute v. Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986 (1948). While the appellant in the matter now before us urges his rights under the Fourteenth Amendment, we have not found it necessary to consider whether he has been denied due process, for our own Constitution imposes on our courts a more specific and a probably greater duty, in respect to the assistance of counsel, than does the Fourteenth Amendment. As already pointed out, the pertinent phraseology of our State Constitution is the same as that of the Sixth Amendment. In our opinion, we should generally give to our constitutional guarantee of the right to the assistance of counsel the same meaning and force that is attributed to the Sixth Amendment. Commonwealth v. Smith, 139 Pa. Super. 357, 11 A.2d 656 (Pa. Super. Ct. 1940), and see Annotation in 146 A.L.R. 369.
In order that the constitutional guarantee may be effective, it is essential that a defendant be afforded a fair opportunity to secure counsel of his own choice. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Walleck v. Hudspeth, 128 F.2d 343 (C.C.A. 10 1942); People v. McLaughlin, 291 N.Y. 480, 53 N.E.2d 356 (N.Y. Ct. App. 1944); People v. Dunham, 334 Ill. 516, 166 N.E. 97 (Ill. Sup. Ct. 1929); Cf. Neufield v. U.S., 73 App. D.C. 174, 118 F.2d 375 (D.C. App. 1941). While a defendant is entitled to reasonable time in which to retain counsel, he is required to go about it with reasonable diligence. State v. Longo, 133 N.J.L. 301 (E. & A. 1945). Zasada's request that the trial be postponed so that he would have more time to find and engage counsel, was denied by the court. While it is well established that such a motion is addressed to the discretion of the court, State v. Zied, 116 N.J.L. 234 (E. & A. 1936), it is also settled that the discretion must not be exercised in such manner as to infringe *596 the substantial rights of the defendant. Allegro v. Afton, 9 N.J. 156 (1952); Pepe v. Urban, 11 N.J. Super. 385 (App. Div. 1951), certif. den. 7 N.J. 80 (1951); Amo v. Genovese, 17 N.J. Super. 109 (App. Div. 1951). Where the trial court in a criminal action goes clearly beyond the proper bounds of discretion in denying an application for a continuance, and thereby prevents the defendant from having the assistance of counsel, the resulting conviction is void and the imprisonment is unlawful.
It is obvious that a man confined to jail should be allowed more time to retain counsel than one at liberty, able to consult with friends, to call at the lawyer's office and if the lawyer is on vacation or declines the employment, then to call on another lawyer. Zasada was put on trial only three weeks after his arrest and two weeks after he waived indictment; he was tried probably only one day after the formal accusation against him was made; he was tried the very day he was arraigned and pleaded. The latest report of the Administrative Director of the Courts shows in 53 per cent of the active criminal cases pending December 31, 1951, the indictments had been returned or the accusations in lieu of indictment had been filed before July 1, 1951; that is, over half the cases had been pending more than six months. The Attorney-General does not suggest that the State would have been prejudiced by a short continuance in Zasada's case. We are not told of witnesses for the prosecution who might leave the jurisdiction or other reasons for a denial of Zasada's motion. He, in jail, was the only one who would be injured by the delay. Surely, if Zasada had had counsel, a later trial day would have been set, as of course. His lack of counsel was no reason for hurrying on the trial. We find that the trial court, by refusing a continuance, violated Zasada's constitutional right to the assistance of counsel and that the resulting conviction is void and the imprisonment unlawful.
Our Habeas Corpus Act requires that the court shall discharge the prisoner from custody if no cause is shown for *597 the imprisonment or restraint. R.S. 2:82-35 (now N.J.S. 2A:67-29). Where the judgment is illegal and void, it does not justify retaining the prisoner and he must be discharged. State v. Gray, 37 N.J.L. 368 (Sup. Ct. 1875). Contrast with the federal statute which directs only that the court on habeas corpus "dispose of the matter as law and justice require," U.S.C.A., Title 28, § 2243, and which gives the court a somewhat broader authority than does our statute, Dowd v. U.S., 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951).
The order of the Mercer County Court will be set aside and an order entered discharging appellant from custody. We do not deal at the present time with any questions that may arise if appellant should be rearrested and reconvicted.