THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. JOSEPH CYNKOWSKI, DEFENDANT-APPELLANT.

Decided December 1, 1952.

*Mr. Joseph Cynkowski, pro se,* for the appellant.

*Mr. Edward Gaulkin,* Prosecutor, Essex County, for the respondent (*Mr. C. William Caruso,* Legal Asst. Prosecutor, on the brief).

The opinion of the court was delivered by

JACOBS, J.   This is an appeal under *Rule* 1:2–1(*a*) from a judgment of the Appellate Division affirming an order, on *habeas corpus,* remanding the defendant-appellant to State Prison.

The defendant Joseph Cynkowski was indicted in 1940 upon seven charges of robbery and in October of that year he entered pleas of *non vult* to all charges.   He was sentenced in November 1940 to seven consecutive terms aggregating 20 years minimum and 30 years maximum.   He made no attack upon his convictions and sentences, by appeal or otherwise, until August 1951 when he obtained a writ of *habeas corpus* from the Mercer County Court upon a petition which alleged: (1) that he had not been arraigned immediately after his arrest but had been held for nine days without opportunity of communicating with friends or counsel, (2) that he had entered his pleas of *non vult* without counsel and (3) that the trial judge had failed to specify that his sentences were to run consecutively.   Hearing on these allegations was duly held and the defendant was

represented by assigned counsel. The defendant did not dispute his guilt on any of the robbery charges and admitted prior convictions, including one in 1937 for larceny resulting in a reformatory sentence, and another in 1938 for larceny resulting in a penitentiary sentence of 18 months. When he committed the 1940 robberies he was 21 years of age and had a grammar school education. His arrest was on August 7, 1940, and between that date and August 16, 1940 he was interrogated in various municipalities where his robberies were committed, he appeared in various lineups for identification and was arraigned before various municipal magistrates. He did not suggest that there was any police brutality or unfair treatment and admitted that at no time did he request the assignment of counsel to act on his behalf.

The Mercer County Court properly dismissed the defendant's factual contention that the trial judge had failed to specify that the sentences shall run consecutively; it declined, however, under the authority of the opinion of Vice-Chancellor Buchanan in *In re Tremper*, 126 *N. J. Eq.* 276 (*Ch.* 1939) (affirmed on other ground 129 *N. J. Eq.* 274 (*E. & A.* 1940)), to consider the merits of the other contentions on the ground that the defendant had delayed for almost 11 years before raising them. On the defendant's appeal the Appellate Division in a well considered opinion rejected the County Court's view that the defendant was thus barred but concluded that under the evidence presented, the contentions lacked merit. See *State v. Cynkowski*, 19 *N. J. Super.* 243 (*App. Div.* 1952). We have also concluded that the contentions lacked merit but shall, nevertheless, consider the effect of the defendant's long delay in attacking his convictions and sentences.

In fulfillment of basic democratic philosophies our judicial structure allows an appeal as of right to every convicted defendant. His appeal must, however, be taken in the manner and within the reasonable time allowed, formerly by statute and now by rule of court. See *Rule* 1:2–5.

If he neglects to appeal within time he loses his right thereafter to attack his conviction except by *habeas corpus* on the limited ground that the trial court lacked jurisdiction and the conviction was therefore void. See *In re Rose*, 122 *N. J. L.* 507 (*Sup. Ct.* 1939); *In re Graham*, 13 *N. J. Super.* 449 (*App. Div.* 1951), certif. denied 7 *N. J.* 582 (1951), *certiorari* denied 342 *U. S.* 930, 72 *S. Ct.* 372, 96 *L. Ed.* —— (1952); *State v. Zee*, 16 *N. J. Super.* 171 (*App. Div.* 1951), *certiorari* denied 343 *U. S.* 931, 72 *S. Ct.* 766, 96 *L. Ed.* —— (1952). If the defendant was convicted upon a proper charge by a competent court after fair trial or upon a plea of guilty or *non vult* fairly entered, no jurisdictional defect would appear; if, however, the defendant was never afforded opportunity for fair trial or his plea was entered under circumstances which rendered its acceptance fundamentally unfair or shocking to a sense of justice, the resulting conviction would violate the due process clause (*Uveges v. Commonwealth of Pennsylvania*, 335 *U. S.* 437, 69 *S. Ct.* 184, 93 *L. Ed.* 127 (1948)) and would be beyond the court's jurisdiction in its current sense. See *Johnson v. Zerbst*, 304 *U. S.* 458, 467, 58 *S. Ct.* 1019, 82 *L. Ed.* 1461, 1468 (1938).

Where a convicted defendant files a petition for writ of *habeas corpus* the court may, under the foregoing principles, immediately issue the writ for hearing thereon, or dismiss the petition because of its insufficiency on its face, or call for formal answer by the State. In this last event the State's answer should be filed expeditiously, together with such record entries as may be pertinent, and the defendant should be afforded opportunity to file a reply to the State's answer. The petition, answer and reply may disclose that there are no allegations remaining which would, under the controlling principles, warrant the issuance of the writ, and in that event the petition may still be dismissed. If, however, such material allegations do remain, the writ must issue for oral hearing thereon and determination, with the burden of proving his charges resting affirma-

tively upon the defendant who obtained the writ. See *Williams v. Kaiser*, 323 *U. S.* 471, 474, 65 *S. Ct.* 363, 89 *L. Ed.* 398, 401 (1945). Where the defendant's charges find support, not from the judgment record, but from his highly interested testimony, his delay in seeking relief will be a relevant factor in evaluating his credibility, and disbelief will result in denial of relief. However, we are entirely satisfied that in making its determination the court may not bar ultimate relief simply because the defendant delayed in seeking it. See *Jones v. Heinze*, 88 *Cal. App.* 2*d* 167, 198 *P.* 2*d* 520 (1948); *Albanese v. Hunt*, 177 *Misc.* 151, 30 *N. Y. S.* 2*d* 137 (*Sup. Ct.* 1941), reversed on other ground 266 *App. Div.* 105, 41 *N. Y. S.* 2*d* 646 (*4th Dep't.* 1943), affirmed 292 *N. Y.* 528, 54 *N. E.* 2*d* 379 (*Ct. App.* 1944); *In re Gladstone*, 12 *N. J. Super.* 589, 592 (*Cty. Ct.* 1951). *Cf. State v. Ballard*, 15 *N. J. Super.* 417 (*App. Div.* 1951), affirmed 9 *N. J.* 402 (1952).

The historic writ of *habeas corpus* is the "precious safeguard of personal liberty" (*Bowen v. Johnston*, 306 *U. S.* 19, 26, 59 *S. Ct.* 442, 83 *L. Ed.* 455, 461 (1939)); it is the only writ which was preserved *eo nomine* in our *State Constitution* (*Art. I, par.* 14), and our courts are rightly fervent to insure that it is ever available for the protection of the accused, whatever be his station. *Cf.* Note, The Freedom Writ, 61 *Harv. L. Rev.* 657 (1948). There is admittedly no fixed time limit within which the writ may be sought, and the reports contain instances in which unconstitutional convictions have been set aside on *habeas corpus* even after the lapse of decades. See *Reid v. Sanford*, 42 *F. Supp.* 300 (*D. C. N. D. Ga.* 1941); *Voigt v. Webb*, 47 *F. Supp.* 743 (*D. C. E. D. Wash.* 1942). See also *Palmer v. Ashe*, 342 *U. S.* 134, 72 *S. Ct.* 191, 96 *L. Ed.* —— (1951), where the Supreme Court reversed the summary dismissal by the Courts of Pennsylvania of a petition for writ of *habeas corpus*, filed over 18 years after the defendant's conviction, and grounded upon a claim that his plea of guilty had been unfairly entered without benefit of counsel.

In support of his view the vice-chancellor in *In re Tremper* relied primarily upon the notion that the issuance of the writ being a discretionary act it should be exercised in favor of the State where it appears that it might be prejudiced in establishing the defendant's guilt on retrial. *Cf. Commonwealth v. Smith,* 144 *Pa. Super.* 160, 19 *A.* 2*d* 504 (1941) and Taft, J. concurring in *In re Levenson,* 154 *Ohio St.* 278, 95 *N. E.* 2*d* 760 (1950), with *Jones v. Heinze, supra,* and *Albanese v. Hunt, supra.* It is true that our decisions assert that the writ is issuable in the discretion of the court (*In re Van Winkle,* 3 *N. J.* 348, 355 (1950)), but they equally and significantly recognize that when proper cause is shown the issuance of the writ is a matter of right. See *In re Thompson,* 85 *N. J. Eq.* 221, 249 (*Ch.* 1915); *In re Davis,* 107 *N. J. Eq.* 160, 166 (*Ch.* 1930). And where it appears that the defendant is being illegally held pursuant to a void judgment of conviction the State is hardly in any position to assert that on the retrial it may be prejudiced and that the illegal confinement should therefore be continued; after all, the original wrong in confining the defendant under the void conviction was committed by the State and, under the farsighted concepts which underlie our administration of criminal justice, it should be as zealous as the defendant in correcting that wrong whenever it appears.

We come now to the question of whether the defendant, in the instant matter, has established that his conviction was void either because of the failure to arraign him immediately or because of the acceptance of his pleas of *non vull* without the assignment of counsel. This court has on several occasions held that delay in arraignment does not impair a conviction which is otherwise valid. See *State v. Schmieder,* 5 *N. J.* 40, 45 (1950); *State v. Pierce,* 4 *N. J.* 252, 263 (1950). Furthermore, it may be noted that the defendant's convictions did not, in any part, rest upon confessions obtained prior to arraignment but rested upon

pleas of *non vult* voluntarily and freely made in open court.

The defendant urges that the acceptance of his pleas of *non vult* without prior assignment of counsel deprived him of his constitutional rights under the Fourteenth Amendment. The Supreme Court has held that a State conviction in a non-capital case is not invalidated under the Fourteenth Amendment by a showing, without more, that it was entered pursuant to a plea of guilty made without counsel or affirmative advice of the right thereto. *Bute v. Illinois,* 333 *U. S.* 640, 68 *S. Ct.* 763, 92 *L. Ed.* 986 (1948) ; *Foster v. Illinois,* 332 *U. S.* 134, 67 *S. Ct.* 1716, 91 *L. Ed.* 1955 (1947). And our state decisions, in effect at the time of the defendant's convictions, imposed no requirement that the defendant be affirmatively advised of his right to counsel. See *State v. Murphy,* 87 *N. J. L.* 515 (*E. & A.* 1915) ; *State v. Raney,* 63 *N. J. L.* 363, 365 (*Sup. Ct.* 1899). Our new practice rules adopted in 1948 do embody an express provision requiring the court to advise a defendant, who appears in court without counsel, of his right to counsel, and to assign counsel to represent him at the trial unless he elects to proceed without counsel or is able to obtain counsel. *Rule* 2 :12–1. This provision could have no retroactive effect (*cf. Norris v. United States,* 190 *F. 2d* 186, 188 (*C. C. A.* 5, 1951)), and has no pertinency to the convictions in the instant matter, entered in 1940. See *State v. Gladstone,* 17 *N. J. Super.* 467, 472 (*App. Div.* 1952). We find nothing in the defendant's showing which establishes that the acceptance of his pleas of *non vult* was so unfair or unjust as to render the resulting convictions void. He was then 21 years of age and had prior convictions resulting in reformatory and penitentiary sentences. He made no request for counsel and does not suggest that he was not guilty or did not fully understand the nature and effect of the charges and his pleas thereto. We consider that the acceptance of his pleas was not improper and the resulting convictions and sen-

tences were within the jurisdiction of the court. See *State v. Gladstone, supra.*

The judgment entered in the Appellate Division is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.