29 N.J. Super. 109 (1953)
102 A.2d 56
ALBERT JABLONOWSKI, PETITIONER,
v.
STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 2, 1953.
Decided December 4, 1953.
*110 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Albert Jablonowski appeared pro se.
Mr. Donald G. Collester appeared for respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal from a denial of a writ of habeas corpus, raising primarily the question whether an attorney appointed by the court to represent a defendant in a criminal case was given sufficient time to prepare the defense and, if not, whether on that account the conviction is assailable here.
The defendant, now in prison and appearing pro se, was indicted with others for larceny of an auto. He retained an attorney who withdrew from the case before the trial. On March 15, 1948 at 10:45 A.M. (according to a transcript with which the prosecutor very helpfully has furnished us), the Court of Quarter Sessions assigned Louis C. Friedman, Esq., to represent him and another defendant indicted with him.
At 2:00 P.M. the case was moved. Mr. Friedman by then had had two and a quarter hours to prepare it for trial, *111 if one hour be allowed him for lunch. He asked for an adjournment, protesting he had not had time to prepare the defense properly, that to require him to proceed violated the defendants' constitutional rights, depriving them of their day in court. The prosecutor pointed out that the State had been ready with its witnesses twice. Mr. Friedman repeated that he had not had sufficient time, adding that, though he had spoken to the defendants (if we are to credit the prisoner's assertion, Mr. Friedman may have had a 15-minute talk with both defendants together), he had no witnesses to subpoena. The court then announced that if he had no witnesses, he would be in no better position on the morrow or the next day than he was that day, adding "Am I right?" Mr. Friedman started to reply: "Outside of "; but the court, saying "Pardon me," interrupted him, telling him that the State could not finish the case that day and he would have from four o'clock that afternoon until the next morning to prepare. An exception was noted. Witnesses testified that afternoon for the State, and the trial lasted the next two days.
Article I, paragraph 10 of the Constitution of this State, and perhaps, too, the Fourteenth Amendment of the Constitution of the United States grant unto the accused here the right to the assistance of counsel in his defense. State v. Ballard, 15 N.J. Super. 417 (App. Div. 1951), affirmed 9 N.J. 402 (1951); Zasada v. State, 19 N.J. Super. 589 (App. Div. 1952). But clearly that right is denied him where counsel is assigned to him by the court so shortly before the trial as not to allow an adequate time to prepare the defense. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); U.S. v. Helwig, 159 F.2d 616 (C.C.A. 3, 1947); McArver v. State, 114 Ga. 514, 40 S.E. 779 (Sup. Ct. 1902); Nelson v. Commonwealth, 295 Ky. 641, 175 S.W.2d 132 (Ct. App. 1943); State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595 (Sup. Ct. 1939); Dolen v. State, 148 Neb. 317, 27 N.W.2d 264 (Sup. Ct. 1947); State v. Farrell, 223 N.C. 321, 26 (S.E.2d 322 (Sup. Ct. 1943); Ex parte Cannis, 83 Okl. Cr. 113, 173 P.2d 586 *112 (Crim. Ct. App. 1946); cf. Therman v. State, 205 Ark. 376, 168 S.W.2d 833 (Sup. Ct. 1943). This violation of his rights renders void any conviction entered against the defendant. Whether in any case enough time has been afforded for consultation, investigation for witnesses and preparation of the law and facts depends upon the circumstances of the case. In the following cases, set forth illustratively, the time allowed was inadequate: Bradley v. State, 227 Ind 131, 84 N.E.2d 580 (Sup. Ct. 1949), where 65 1/2 hours, including three nights and a Sunday, were allowed to prepare a case where defendant was charged with robbery by violence, and with inflicting physical injury; People v. McLaughlin, 291 N.Y. 480, 53 N.E.2d 356 (Ct. App. 1944), where 1 1/2 hours were allowed to prepare a robbery case; State v. Collins, 104 La. 629, 29 So. 180 (Sup. Ct. 1900), where four days were allowed to prepare a murder case; Jones v. State, 84 Tex. Cr. R. 4, 204 S.W. 437 (Ct. Crim. App. 1918), where two days were allowed to prepare a rape case.
If there be a reasonable doubt as to whether the court has left counsel enough time to prepare a case, that doubt must be settled in the prisoner's favor; the right to the assistance of counsel is too inviolable a matter for any court to indulge in nice calculations as to whether or not the defendant was prejudiced under the circumstances. Glasser v. U.S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941); Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1945).
The courts have warned that a defendant in a criminal case might discharge his counsel if he could delay the trial. Cf. Commonwealth v. Meyers, 290 Pa. 573, 139 A. 374 (Sup. Ct. 1927); State v. Longo, 132 N.J.L. 515 (Sup. Ct. 1945), affirmed 133 N.J.L. 301 (E. & A. 1945). However in the present case former counsel, engaged by the defendant, seems to have withdrawn voluntarily under other circumstances. Cf. McArver v. State, 114 Ga. 514, 40 S.E. 779 (Sup. Ct. 1902), supra. There is nothing to indicate that former counsel had adequately prepared the case and that Mr. Friedman had a chance to consult with him and *113 secure the benefit of that preparation. The court, in the matter of continuances, is vested with a wide discretion; but there are constitutional bounds to that discretion, and here they may have been exceeded. The writ of habeas corpus should issue and, if the circumstances prove to be as we have stated them, we are of the opinion that the time given Mr. Friedman to prepare this case was too short.
There were four indictments returned against this defendant in 1947, Numbers 7, 392, 418 and 97, the first for conspiracy and the other three for larceny of autos. Indictment No. 392 is the one above referred to, which went to trial on March 15, 1948; as to the other three, the defendant on March 29, 1948 retracted previous pleas of not guilty and pleaded non vult. The prisoner claims he did not authorize his counsel to plead non vult, but this matter need not be gone into on the return of the writ; the record does not sufficiently indicate any lack of authority in that regard.
The prisoner was sentenced on April 9, 1948 on the four indictments (assuming the court's directions conform with the backers on the photostatic copies of the indictments furnished us by the prosecutor), as follows: two to three years on Indictment No. 7 and three to five years on each of the other three indictments, the four sentences to run consecutively, the sentence on Indictment No. 392 to run after the sentence on Indictment No. 7, the sentence on Indictment No. 418 to run after the sentence on Indictment No. 392, and the sentence on Indictment No. 97 to run after the sentence on Indictment No. 418. The sentences are plainly within the statutory power of the court and do not constitute cruel and unusual punishment as claimed by the prisoner.
The sentence on Indictment No. 392 has not run its full course yet. It might be argued that if this, the second sentence, is void, the third and fourth sentences move up to the second and third places respectively. Blitz v. United States, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725 (1894); United States v. Carpenter, 151 F. 214, 9 L.R.A., N.S. 1043 (C.C.A. 9 1907); Kite v. Commonwealth, 11 Metc. 581, 52 Mass. 581 (Sup. Jud. Ct. 1846), a leading case; *114 Ex parte Jackson, 96 Mo. 116, 8 S.W. 800 (Sup. Ct. 1888); cf. Hunter v. Martin, 334 U.S. 302, 68 S.Ct. 1030, 92 L.Ed. 1401 (1948); Smith v. Lovell, 146 Me. 63, 77 A.2d 575 (Sup. Ct. 1950); but cf. Ex parte Roberts, 9 Nev. 44 (Sup. Ct. 1873). And therefore the prisoner is not entitled to a writ of habeas corpus because that writ is available only if it will release him. Cf. In re Kershner, 9 N.J. 471 (1952); McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). However, we think the prisoner should be entitled to some remedy now; evidence may be lost, witnesses may die or their memories fail, or the delay may work some other prejudice resulting in a denial of relief. State v. Ballard, 15 N.J. Super. 417, 422 (App. Div. 1951), affirmed 9 N.J. 402 (1951), supra; Commonwealth ex rel. Quinn v. Smith, 144 Pa. Super. 160, 19 A.2d 504 (Super. Ct. 1941). Hence in our view the better rule is that the writ is available to discharge him from confinement under the second sentence, even though he may actually remain in confinement by virtue of the third sentence. But cf. Eori v. Aderhold, 53 F.2d 840 (C.C.A. 5, 1931); United States ex rel. Pruett v. Hiatt, 55 F. Supp. 993 (D.C. 1944); Gutterman v. Hiatt, 65 F. Supp. 285 (D.C. 1946).
Of course, if on the return of the habeas corpus the court vacates the conviction leading to the sentence imposed on Indictment No. 392, the defendant may be retried thereon. In re Carter, 14 N.J. Super. 591, 602 (Cty. Ct. 1951); Zasada v. State, 19 N.J. Super. 589, 597 (App. Div. 1952).
We have no proper proof before us to substantiate the claim of the prisoner, that the judge in the prisoner's absence changed the sentence from four sentences totalling 5-8 years to the four sentences, above specified, totalling 11-18 years; but we have a copy of a letter dated March 3, 1952 from Mr. Friedman to the prisoner stating that the judge has the right to change the sentences within 30 days. The court may not increase a defendant's sentence in his absence. Manda v. State, 28 N.J. Super. 259 (App. Div. 1953); In re Sabongy, 18 N.J. Super. 334 (Cty. Ct. 1952); see State v. Weeks, 5 N.J. Super. 505, 512 (Cty. Ct. 1949), *115 speaking of sentences validly imposed, affirmed 6 N.J. Super. 395 (App. Div. 1950); cf. R.R. 3:5-4. Since the writ is to issue, as above directed, in connection with the failure to give counsel time to prepare the trial on the second indictment, this matter should also be inquired into on its return.
Reversed.