86 N.J. Super. 508 (1965)
207 A.2d 340
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EUGENE SABO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1965.
Decided February 23, 1965.
*509 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Dean Sanford, assigned attorney, argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys; Mr. Frederic K. Becker, of counsel).
Mr. William D. Danberry, Assistant County Prosecutor, argued the cause for respondent (Mr. Edward J. Dolan, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
The Middlesex County grand jury indicted defendant for "uttering" a forged check, well knowing that the endorsement of the payee thereon was a forgery, in *510 violation of N.J.S. 2A:109-1. After a two-day trial, the foreman of the jury announced the verdict as follows:
"We find the Defendant guilty of Uttering and Passing the check."
The judgment record states that the trial judge, in sentencing defendant on October 20, 1961, said:
"You stand convicted of the crime of Forgery [sic], a high misdemeanor, and the sentence of the court upon that conviction is that you, Eugene Sabo, be imprisoned at hard labor in State Prison for a term of not less than 3 years and not more than 5 years."
Defendant appeals as an indigent from the judgment of conviction.

I.
Defendant argues that the action of the trial judge, in imposing a sentence for "forgery," created a void sentence and, for that reason, his conviction should be completely nullified.
We do not know why the judgment record shows that the trial judge referred to the crime, for which defendant was indicted and convicted, as "forgery," when, in fact, it was "uttering" a forged check. At the time of sentence, the assistant prosecutor incorrectly stated that defendant had been found guilty of "forgery." Defendant's assigned attorney did not correct that obvious misstatement but, instead, made a plea for leniency based upon defendant's alleged "craving for alcohol or drinking" and "domestic difficulties." However, the erroneous description of the crime was immediately corrected by defendant himself, when he was afforded an opportunity to address the court before sentence was imposed. He told the court: "The jury didn't find me guilty of forgery, they found me guilty of uttering and passing, if I'm not mistaken. So I would like to know exactly which charge I'm tried for  got tried for and found guilty of." The trial judge did not acknowledge the assistant prosecutor's error or tell defendant "exactly which charge" he was "tried for and found *511 guilty of." Instead, the trial judge told defendant that "this isn't the time and place," referred to his long record of convictions, including nine for "stealing mail from mailboxes," and then pronounced sentence as follows, according to the stenographic transcript:
"It is the sentence of the Court that you be committed to the State Prison for a term of three to five years and that you be given credit for the time spent in jail."
Thus, the stenographic record of the sentence proceeding, as to what the trial judge said, does not justify the recital in the judgment record as to forgery, noted above.
In all events, defendant is not entitled to have his conviction vacated. He was indicted, tried and found guilty of "uttering" a forged check, in violation of N.J.S. 2A:109-1. Subdivision (a) thereof covers "forgery" and subdivision (b) refers to the crime of "uttering." A person who commits either offense "is guilty of a high misdemeanor." The penalty for "uttering" is statutorily the same as for "forgery." N.J.S. 2A:85-6. The most that defendant could obtain on this appeal, in case the trial judge had misapprehended the crime for which defendant was found guilty and there were any doubt that the penalty might have been less severe for "uttering" than for "forgery," would be a remand for a resentencing. State v. Culver, 40 N.J. Super. 427 (App. Div. 1956), affirmed 23 N.J. 495 (1957). Despite the language contained in the judgment record, the stenographic transcript of the sentence proceeding does not indicate any such misapprehension. Defendant had corrected the misstatement before sentence was imposed. No one disputed that correction. The ensuing colloquy between the trial judge and defendant emphasized defendant's long criminal record. The fair inference is that the penalty was greatly influenced thereby, rather than by any false label on the crime. The sentencing judge had but recently tried the case, was familiar with the facts, had expressly referred to the crime as "uttering" in denying defendant's motion for a judgment of acquittal, had read the *512 indictment to the jury and explained the elements of the crime of uttering. The jury verdict specifically found defendant guilty of "uttering." It seems to be inconceivable that the trial judge labored under any misunderstanding as to the nature of the offense when he imposed the sentence.
Defendant's attorney conceded at oral argument that, unless the conviction were entirely set aside, a remand for resentencing would be of no practical value to his client. Defendant has already served the sentence imposed. Even if a resentencing resulted in a reduction of the penalty, the time already spent in prison cannot be recaptured. Presumably, the same penalty would be imposed. Conceivably, a resentencing might produce a greater penalty. Defendant would not benefit by being exposed to any such risk. Since defendant is not entitled to have his conviction totally eradicated, no useful purpose would be served by a remand for resentencing.
The State agrees that the judgment record should be corrected to show that defendant was convicted of "uttering" a forged check, rather than "forgery." We remand the matter to the trial court to make the necessary correction and solely for that purpose.

II.
Defendant next contends that a material element of the crime was not proven, namely, that he knew that the check was forged and cashed it with intent to prejudice, injure, damage or defraud any other person.
True, N.J.S. 2A:109-1 requires for the crime of "uttering" any forged matter that the person must do so "knowing the same to be false, altered, forged or counterfeited" and with the intent noted above. But the evidence herein justified a finding by the jury that defendant uttered this forged check, knowing that the payee's endorsement was false and with an intent to prejudice, injure, damage or defraud his transferee, who cashed the check for him.
The check in issue, in the amount of $214.28 and dated February 24, 1961, was drawn by Equitable Beneficial Life, *513 Health and Accident Company and made payable to the order of Landoria Hunt. She never received the check and never endorsed it. Her purported endorsement thereon was a forgery. The forgery was discovered when she complained to the drawer that she had not received the check. Raymond C. Graulich, a bartender and manager of Del-Van Corporation, operator of a tavern and package store business, testified that defendant presented the check to him sometime between February 24 and March 1, 1961 and asked him to cash it for him. Graulich knew defendant and cashed the check for him, after defendant endorsed the same.
Defendant testified in his own behalf. He admitted that he had been previously convicted of crime. When asked if he had ever seen the check in issue, he answered, "I don't remember." Shown what purported to be his signature on the check and asked whether it was his signature, he replied, "I can't say whether that was my signature or not." He had previously declined to give his signature to the police for the purpose of comparison. He offered no explanation as to his possession of this check, consistent with innocence. His defense was that he was not in the area at the time and did not remember any such transaction. Evidently, the jury did not believe him, but believed Mr. Graulich, who allegedly cashed the check at defendant's request.
The fact of "guilty knowledge may be established by circumstantial evidence." People v Mitchell, 92 Cal. 590, 28 P. 597 (Sup. Ct. 1891); Anderson v. United States, 270 F.2d 124 (6 Cir. 1959). "So if it appears that the name signed to the instrument is a fictitious one, it may be inferred that the person who utters and publishes it as true either forged it or knew it to be forged." Brill's Cyc. Crim. Law (1922), c. 10 § 582, pp. 982-984. The inference is one of fact to be drawn by the jury. See, too, 3 Underhill's Criminal Evidence (5th ed. 1957), § 774, pp. 1779-1780. Evidence that a check was forged justifies an inference that defendant who cashed it knew it was forged, in the absence of a satisfactory explanation. State v. Boonton, 85 Idaho 51, 375 P.2d 536, 539 (Sup. *514 Ct. 1962). Thus, there was, in the instant case, even as of the close of the State's case, sufficient circumstantial evidence from which the jury could find that defendant uttered this check, knowing of the forgery thereon and with intent to defraud.

III.
Defendant's final point is that the court lacked jurisdiction to try him because he was improperly arrested without a warrant. This claim of error is obviously without merit. The legality of his arrest, as such, has no bearing herein upon the validity of his conviction. State v. (Edgar) Smith, 43 N.J. 67, 74 (1964) is dispositive of this contention.
The judgment of conviction is affirmed, but the matter is remanded to the trial court solely for the purpose of correcting the judgment record to show that defendant was found guilty of "uttering" a forged check, rather than of "forgery."