*Harvey Brower,* for defendant.

300 A.2d 271.

STATE *vs.* SHIRLEY A. MULHOLLAND.

FEBRUARY 14, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

INDICTMENT for forgery, before Supreme Court on exception of defendant to decision of Mackenzie, J., of Superior Court, wherein defendant was found guilty as charged, heard and exception overruled, and case remitted to Superior Court for further proceedings.

ROBERTS, C. J.   This indictment charges that the defendant, Shirley A. Mulholland, "* * * did knowingly with in-

tent to defraud * * * utter and publish as true * * * a certain false, forged, altered and counterfeited check in the amount of fifteen dollars ($15.00) * * * knowing the same to be false, forged, altered and counterfeited." The case was tried to a justice of the Superior Court sitting without a jury, who found the defendant guilty as charged in the indictment. The defendant now prosecutes in this court an exception to the decision of the trial justice.

It appears from the record that on May 4, 1970, Robert E. Winship reported that his car had been stolen in the vicinity of the State Capitol in Providence and that the automobile contained various personal effects, including his checkbook. It further appears that on May 28, 1970, defendant presented a check for payment drawn upon the account of Robert E. Winship and payable to Beatrice Prior at a branch of the Rhode Island Hospital Trust National Bank. The check had been endorsed in the name of Beatrice Prior.

When defendant presented this check, the bank teller recognized it as one alleged to have been stolen and immediately had the police summoned. The arresting officer testified that defendant claimed that she was presenting the check for a girl friend whom she had met during the girl's lunch hour, but she knew neither where the friend lived nor where she worked. Other testimony was adduced that Winship's signature on the check was not genuine. The defendant failed to introduce any evidence at the trial. In these circumstances the trial justice concluded that defendant had represented herself as Beatrice Prior and presented a forged instrument for payment and thereupon found her guilty as charged.

Uttering a forged instrument consists of offering that forged instrument to another with knowledge of the falsity of the writing and with an intent to defraud. 2 Wharton, *Criminal Law & Procedure* §648 (1957). The defendant

in her brief concedes "[i]t is well settled that knowledge of the fact of forgery may be established by circumstantial evidence as well as by direct testimony. *Taylor* v. *State,* 65 Okla. Crim. 432, 88 P.2d 665."

The defendant contends, however, that no presumption arises from her possession of the forged instrument. It is true that generally it is held that the mere presentation of a forged instrument for payment, that is, possession, will not raise a presumption of guilty knowledge of its falsity. However, such possession "* * * is a circumstance which, taken together with all the other facts and circumstances in the case, presents a question of fact for the jury to decide as to whether or not defendant knew at the time of presenting the same for payment that it was a forged instrument." *Taylor* v. *State,* 65 Okla.Crim. 432, 440, 88 P.2d 665, 669 (1939). It is to be noted that nothing in the decision of the trial justice indicates that he was relying on a presumption of guilty knowledge in reaching his conclusion that defendant was aware of the forged nature of the instrument. He simply drew from all of the evidence an inference which, in our opinion, is totally reasonable in this case, that defendant had knowledge of the forged nature of the instrument.

Evidence of the forged nature of the instrument and the possession and utterance thereof is sufficient to warrant an inference of specific knowledge. *State* v. *Sabo,* 86 N.J.Super. 508, 513, 207 A.2d 340, 343 (1965); *State* v. *Elliott,* 69 Wash. 62, 124 P. 212 (1912); *see State* v. *Kozukonis,* 71 R. I. 456, 464-65, 46 A.2d 865, 869-70 (1946). Similarly, where the defendant offers an explanation for the possession of the forged instrument, the credibility of that explanation or lack thereof is a circumstance which can be considered in determining knowledge of the forgery. *State* v. *Booton,* 85 Idaho 51, 57, 375 P.2d 536, 539 (1962).

The defendant has directed our attention to *State* v. *Run-*

*nion,* 122 W.Va. 134, 7 S.E.2d 648 (1940), without elaboration on the thrust of that case upon the case at bar. There the West Virginia court, in our opinion, was simply noting that the language of an instruction of the trial justice that possession was a circumstance "tending to show knowledge of its falsity" was overly suggestive and, therefore, should have been omitted from the charge. We are unable to perceive that this in any manner conflicts with our conclusion that possession and utterance are factors which may be considered by the trier of fact in determining whether a defendant had knowledge of the falsity of the instrument. It is our conclusion, then, that the exception of the defendant is without merit and must be overruled.

The defendant's exception is overruled, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan, Asst. Attorney General,* for plaintiff.

*Aram K. Berberian,* for defendant.