STATE

v.

**Daniel J. CORCORAN.**

No. 94–271–C.A..

Supreme Court of Rhode Island.

Jan. 27, 1995.

Jeffrey Pine, Atty. Gen., Andrew Berg, Aaron L. Weisman, Asst. Attys. Gen., for plaintiff.

John A. Macfayden, III, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument on December 13, 1994, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The defendant, Daniel J. Corcoran, appeals from a judgment of conviction of the crime of obtaining property by false pretenses entered in the Superior Court after a jury trial. The defendant was charged by information with obtaining a rug from the victim, Raymond Watts (Watts), by false pretenses.

The defendant came to the home of the victim, who was ninety-two years of age at the time, and asked to view the interior of his home in order to obtain ideas for the building of a home of his own. The defendant expressed admiration for a rug that Watts had in his bedroom. The rug was an oriental rug, which defendant suggested was in need of cleaning. The defendant offered to clean the rug, quickly rolled it up, and after some discussion with Watts, left the house with the rug in his possession. The defendant promised to return the rug the following morning. When he did not do so, Watts notified the Barrington police department.

After an initial investigation, the Barrington police obtained an arrest warrant for defendant. This warrant is not challenged. When the police came to the home of defendant, they were aware of the description of the stolen rug. When they entered the home, Patrolman John Alfred noted an oriental rug that fit the description, lying rolled up on the floor. However, Patrolman Alfred and the officers who accompanied him unrolled the rug in order further to assure themselves that it was the rug described to them earlier at roll call. They then seized the rug, and it was later introduced into evidence at trial.

■ At a hearing on a motion to suppress the rug as evidence, Patrolman Bruce Dufresne testified that before unrolling the rug, he was 99 percent sure that it was the rug described at roll call. The trial justice determined that the seizure of the rug was authorized under the plain-view doctrine. The officers had a right to be in the home of defendant in order to serve the arrest warrant. While there, they saw the rug in plain view and had probable cause to believe that it was stolen. This probable cause gave the officers the right to seize the stolen property and met the standards of the plain-view doctrine enunciated in *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed. 2d 502 (1983), and *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, *reh'g denied*, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971) and enunciated by this court in *State v. Pratt*, 641 A.2d 732, 738 (R.I.1994).

The defendant's objection to the admission of Watt's pretrial and in-court identification of defendant is unpersuasive. The photographic array was not impermissibly suggestive as determined by the trial justice after considering the necessary factors. *State v. Turner*, 561 A.2d 869 (R.I.1989). The trial justice specifically found that the pretrial identification was free of any improper influences. Consequently the admission of the in-court identification was justified. *State v. Eddy*, 519 A.2d 1137 (R.I.1987).

■ The trial justice also did not err in denying the motion for judgment of acquittal. The record indicates that the elements of the crime were proven pursuant to the principles enunciated in *State v. Markarian*, 551 A.2d 1178, 1180 (R.I.1988). The trial justice noted that Watts allowed the defendant to leave with the rug after he had given the victim a card with a name and a phone number, both of which turned out to be false. Therefore, the elements of the crime of obtaining property by false pretenses were proven by the evidence in the case and justified the denial of a motion for judgment of acquittal.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.