STATE

v.

**Luis VEGA.**

**No. 99–398–C.A.**

Supreme Court of Rhode Island.

Feb. 14, 2002.

---

Kelly Ann McElroy, Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

1. A supplemental charge given by the court in response to a deadlocked jury. *See Allen v.*

**OPINION**

**PER CURIAM.**

■ A jury convicted the defendant, Luis Vega, of one count of second-degree child molestation. On appeal he challenges the trial justice's responses to various communications the jury submitted to him while it was deliberating. The defendant also contends that the trial justice erred by providing the jurors with unduly coercive *Allen*[1] instructions after the jury had informed the trial justice that it was unable to reach a verdict.

Because defendant has waived any objections to these alleged errors by failing to raise them with the trial justice, we deny his appeal on these grounds. In addition, we reject defendant's assertion that the trial justice committed reversible error by failing to grant his motions for a new trial and to pass the case. The mere fact that the sexual molestation in question could not have occurred on the precise date indicated by the complaining witness did not warrant the granting of a new trial when the incident occurred within the period specified in the criminal information filed by the state. A single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Concluding that no cause has been shown, we proceed to decide the appeal at this time.

■ The information charged defendant with the sexual molestation of the victim, an eleven-year-old girl, during the period between August 1, 1996, and December 31, 1996. The defendant was the victim's uncle who lived with the victim's family when the charged misconduct occurred. While defendant, the victim, and

*United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

her family were watching a rented movie in a darkened room in the family's Providence apartment, defendant touched the victim's breast. The jury also heard evidence about other incidents concerning defendant's alleged molestation of the victim.

After the parties concluded their presentations and while the jury was deliberating, the jury submitted several questions to the trial justice. The questions indicated that the jury was having difficulty in reaching a unanimous verdict. In response, the trial justice gave the jury a so-called *Allen* instruction. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The trial justice told the jury that:

> "I will not keep you here all day long if you are really hopelessly deadlocked as you seem to indicate, but this case is very expensive to the state. It's very expensive to the defendant. And the next trial, if I declared a mistrial in this case, the next trial with twelve different people, and I'm convinced they could not do any better job than you can do."

Later, after the jury again indicated an inability to reach a verdict, the trial justice further instructed:

> "[I]f you people don't reach a verdict this case has to be tried again and it is expensive to the state as expensive to the defendant. I honestly feel there will be no other jury any better qualified than you people to decide the case. So, listen to each other and don't hold your positions just because you're stubborn. Don't give up if you believe your position is correct, but try to reason with each other."

After giving both of these supplemental instructions, the trial justice asked the attorneys whether they had any objections to these charges. Both counsel replied in the negative and they also failed to suggest any different or supplemental instruc-

tions. Thereafter, the jury returned a verdict that convicted defendant on the one count of child molestation relating to the breast-touching incident, while acquitting him of the other two counts. Consequently, by failing to object at trial to the above-referenced instructions, defendant has failed to preserve any alleged inadequacies or errors relating to these supplemental instructions and he is precluded from raising such arguments for the first time on appeal. *See State v. Markarian,* 551 A.2d 1178, 1183 (R.I.1988) (citing *State v. McMaugh,* 512 A.2d 824, 830 (R.I.1986) ("[C]laims of error are deemed waived unless the specific grounds for the claimed error are effectively raised at trial.")). Moreover, even though defendant eventually moved for a mistrial, he did so on the basis that the jury was deadlocked, not that the instructions were incorrect.

In any event, even if defendant had raised a proper objection at trial, we do not agree that the supplemental instructions were coercive. To be sure, the trial justice erred by assuming that this case necessarily would be retried in the event of a mistrial (for example, no retrial would be necessary if the state chose not to do so or if defendant entered into a plea bargain). We do not believe, however, that this error would have required a reversal here because, taken as a whole, the supplemental instructions were not unduly coercive or unfair to the defense. The trial justice told the jurors that they should not abandon any positions that they conscientiously held and that he would not keep them longer than necessary if they were hopelessly deadlocked. The instruction was also fair in that it talked about the expense to both the state and defendant of a retrial.

■ Finally, the trial justice did not err in denying the defendant's motion for a

new trial. He considered the evidence in light of his charge to the jury and concluded that the defendant did in fact place his hand on the victim's breast, as alleged in count one of the information. *See State v. Jackson*, 752 A.2d 5, 11 (R.I.2000) (citing *State v. Banach*, 648 A.2d 1363, 1367 (R.I. 1994) (when considering a motion for a new trial the trial justice applies independent judgment concerning the credibility of witnesses and weight of the evidence)). Commenting on the jury's verdict acquitting the defendant of the other two counts of second-degree child molestation while convicting him of the first count concerning the breast-touching incident, the trial justice specifically stated "the jury came out with a very, very wise decision." Although the movie the family viewed on videotape may not have been released in that format as of the date when the victim testified that the incident occurred, this fact did not require the trial justice to grant a new trial. Here, the state was not required to prove the exact date of the alleged molestation. Rather, all it had to show was that the crime in question occurred at some time between August 1, 1996, and December 31, 1996, the dates specified in the information. Thus, even though the victim may have been mistaken about the precise date of the incident, there was no requirement in this case that the jury find that the defendant committed the crime on the very date alleged by the victim—only that the defendant molested the victim during the period specified in the information. The evidence here supported this finding.

For these reasons, we deny the appeal and affirm the defendant's conviction.