## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN R. LONGO, PLAINTIFF IN ERROR.

Argued June 7, 1945—Decided October 15, 1945.

For the plaintiff in error, *Raymond Chasan*.

For the state, *William P. Gannon*, Deputy Attorney-General.

The opinion of the court was delivered by

PARKER, J.   The essential facts, and history of the litigation, are adequately presented in the comprehensive opinion of Mr. Justice Donges in the Supreme Court, *ubi supra,* and need not be repeated here.   We proceed at once to a consideration of the legal phases of the matter, and the conduct of the case: and as regards the first point made, we express our concurrence in the holding of the court below, that the third count of the indictment adequately charges a criminal offense, and that a general verdict of guilty, based on legal evidence, will stand if there be one good count supported by that evidence.   *Mead* v. *State,* 53 *N. J. L.* 601, and cases cited (at *p.* 603).   We further agree that the third count was supported by the evidence.   It therefore becomes unnecessary to consider the validity *vel non* of the first and second counts.

The second point is that there was error in that the state "suppressed evidence tending to prove the innocence of defendant." The Supreme Court correctly decided, at *p.* 523 of 132 *N. J. L.*, "that there was in fact no suppression of evidence by the state." As a matter of fact, the defendant knew of the existence of the evidence in question. It may be well to add that although the case seems to be before us under *R. S.* 2:195–16, formerly section 136 of the Criminal Procedure Act, the point is not cognizable thereunder, as that statute is limited to proceedings at the trial. The evidence in question was as available to defendant as it was to the state.

Finally, it is argued that there was error in that the court and the prosecuting officers forced on the trial "without affording defendant reasonable opportunity to procure the assistance of counsel" in violation of certain constitutional provisions which need not be specifically cited, because we are clear that the claim is without substantial basis of fact. The trial was postponed several times at the instance of defendant, who was represented at all times by Mr. Chasan. Seven months elapsed between indictment and trial. No question of inability to pay counsel was raised during that period. The trial was set for June 8th: and again for June 14th. Defendant did not appear, and the bail was forfeited, but on July 7th he appeared, the forfeiture was lifted, and the court announced that at the opening of the September term a trial date would be fixed. No date was fixed until October 8th, when the court fixed Monday, November 15th, one month and a week later, in view of the fact, as appears in the colloquy on that date between the court and Mr. Chasan, that the latter had informed the court sometime previously that he was negotiating for the employment of trial counsel who at the time was engaged in the political campaign and could not take up the case for trial in October. But Mr. Chasan on November 15th informed the court that until Thursday, November 11th, he had been "in negotiation" with the proposed trial counsel, who on the latter date had informed him that he was too busy to undertake the case. The situation therefore was that for over five weeks, during which period trial counsel should have been definitely retained with oppor-

tunity to examine and prepare the case for trial, the matter was left in the air, and not brought down to earth until four days before the trial date, one of them a Sunday: and to make matters worse, that although Mr. Chasan learned on Thursday that the counsel in question refused to take the case, no intimation of that situation was imparted to the court or to the other side until the opening of court on Monday morning, with the state ready to proceed, jurors in attendance, and the case moved for trial.

We conclude that there was no legal error, and no abuse of discretion. The judgment of the Supreme Court is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.

*For reversal*—None.