115 N.J. Super. 6 (1971)
277 A.2d 894
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS A. JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1971.
Decided May 25, 1971.
*7 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. Robert J. Del Tufo argued the cause for appellant.
Mr. Michael C. Willner, Assistant Prosecutor, argued the cause for respondent (Mr. Charles M. Egan, Jr., Morris County Prosecutor, attorney; Messrs. Sheldon M. Simon, *8 First Assistant Prosecutor, and Donald G. Collester, Jr., of counsel and on the brief).
The opinion of the court was delivered by MINTZ, J.A.D.
Defendant was indicted for (a) forging a driver's license bearing the name James Jenkins, in violation of N.J.S.A. 39:3-38.1, and (b) uttering the same driver's license, in violation of N.J.S.A. 2A:109-1. He was tried to a jury and acquitted on the forgery count, but convicted on the charge of uttering the forged driver's license.
On appeal defendant contends that (a) the trial court erred in denying his motion for a judgment of acquittal at the conclusion of the State's case and at the close of all the evidence; (b) a prosecution for uttering a forged driver's license is not sustainable under N.J.S.A. 2A:109-1, and (c) various errors cumulatively considered constitute prejudicial error.
On July 9, 1968 defendant was operating a motor vehicle on Route 10 in East Hanover in which James Jenkins and five females were passengers. The State's case was based entirely on the testimony of Detective Scioscia and Inspector Katz of the Division of Motor Vehicles. Katz clearly established that the driver's license in the name of James Jenkins was a forgery.
Scioscia related that about 4 P.M. on July 9, 1968 he was on duty at police headquarters when defendant was brought in by two patrolmen who had stopped him on the highway. Scioscia testified that he asked defendant for identification, whereupon defendant produced the aforesaid forged driver's license. Defendant represented that he was James Jenkins, but about one hour later admitted he was Thomas A. Johnson. The State rested.
Defendant moved for a judgment of acquittal asserting that (a) there was no proof adduced indicating that he knowingly uttered a forged driver's license; (b) there was no proof that anyone was defrauded by said utterance, and *9 (c) a prosecution for uttering a forged driver's license is not within the purview of N.J.S.A. 2A:109-1 but is an offense which should be prosecuted under N.J.S.A. 39:1-1 et seq. (Motor Vehicle and Traffic Law). The motion was denied.
N.J.S.A. 2A:109-1 provides that:
Any person who, with intent to prejudice, injure, damage or defraud any other person:
a. Falsely makes, alters, forges or counterfeits any record or other authentic matter of a public nature or character, or any printed or written instrument or indorsement, acceptance, transfer or assignment thereof; or
b. Utters or publishes as true, any such false, altered, forged or counterfeited matter, knowing the same to be false, altered, forged or counterfeited 
Is guilty of a high misdemeanor.
Initially, we note that defendant's knowledge of the forged nature of the driver's license may be inferred from his possession and utterance of the same. State v. Sabo, 86 N.J. Super. 508 (App. Div. 1965).
Secondly, the "person" defrauded within the meaning of forgery statutes can be a governmental unit. State v. Longo, 132 N.J.L. 515 (Sup. Ct. 1945).
However, we are of the view that the scheme of legislation on the subjects of forgery and motor vehicle regulation clearly indicates a legislative intent to deal with forgery of driver's licenses and automobile registrations exclusively under N.J.S.A. 39:1-1 et seq. This is readily apparent from the fact that under N.J.S.A. 39:3-38.1(a) forgery of a motor vehicle certificate of registration or driver's license constitutes a misdemeanor, while uttering the same certificate or license would constitute a high misdemeanor under N.J.S.A. 2A:109-1. Certainly, this is an unreasonable and unintended legislative construction. The Legislature in 1970 recognized the inadvertent deficiency in N.J.S.A. 39:3-38.1 and amended the same so as to provide that knowingly uttering a forged certificate of registration or driver's license to a police officer, magistrate or *10 motor vehicle inspector for purposes of identification now constitutes a misdemeanor.
This is not to say that prior to the abovementioned recent amendment persons guilty of conduct similar to that of the instant defendant could or should escape penal consequences. For example, defendant was liable under N.J.S.A. 39:3-10 for driving without a license, an offense carrying a possible $500 fine and a possible 60-day jail sentence. Likewise, under N.J.S.A. 39:3-29 defendant could be found guilty for failing to have a driver's license in his possession or failing to exhibit his driver's license, offenses punishable by fines not exceeding $100. Or, if the proper facts exist, defendant could be found to have violated N.J.S.A. 39:3-40 for driving where a license has been refused, suspended or revoked, an offense which carries a $200 to $1,000 fine and a possible six month jail sentence. Relevant, too, are the provisions of N.J.S.A. 39:3-39 which prohibit lending a driver's license or a vehicle to a nonlicensed driver.
In our view, even before the amendment of N.J.S.A. 39:3-38.1 these provisions provided punishment for acts similar or identical to that perpetrated by defendant in the instant case. While ordinarily it is not for courts to imply exceptions to or repeal of legislative enactments (see State v. Covington, 113 N.J. Super. 229 (App. Div. 1971), certif. granted 58 N.J. 329 (1971)), we conclude that the specific provisions of N.J.S.A. 39:1-1 et seq. were always intended by the Legislature to exclusively cover the instant and related offenses. As observed in State v. Brown, 22 N.J. 405 (1956):
A statute is to be construed as a whole with reference to the system of which it is a part. * * * And statutes upon cognate subjects may be considered in arriving at the legislative intention, though not strictly in pari materia. This principle is essential to give unity to the laws, and to connect them in a symmetrical system. [at 415]
See also State, by Highway Com'r v. Dilley, 48 N.J. 383, 387 (1967); East Orange v. Livingston Tp., 102 N.J. Super. 512, 540 (Law Div. 1968), affirmed o.b. 54 N.J. 96 (1969).
Reversed.