890 A.2d 1029 (2006)
383 N.J. Super. 154
STATE of New Jersey, Plaintiff-Respondent,
v.
Stuart FELSEN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 2005.
Decided February 16, 2006.
*1030 Robert W. Gluck, New Brunswick, argued the cause for appellant (Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, attorneys; Phillip G. Ray, West Orange, on the brief).
Joseph J. D'Onofrio, Jr., Assistant Prosecutor, argued the cause for respondent (Michael M. Rubbinaccio, Morris County Prosecutor, attorney; Joseph Connor, Jr., Assistant Prosecutor, on the brief).
Before Judges CUFF, HOLSTON, JR., and GILROY.
The opinion of the court was delivered by
GILROY, J.S.C. (temporarily assigned).
Defendant appeals his convictions of third-degree attempt to obtain Percocet, a controlled dangerous substance (CDS), by fraud, N.J.S.A. 2C:35-13 and 2C:5-1 (Count One); and third-degree forgery, N.J.S.A. 2C:21-1a(2) (Count Two). We are presented with the question, whether evidence of defendant's intent to defraud the State's regulatory program concerning the dispensing of prescription drugs by attempting to pass a forged prescription to a regulated pharmacy, satisfies the statutory requirement that the individual committed the act "with a purpose to defraud or injure" another. N.J.S.A. 2C:21-1a. We answer the question in the affirmative.
Following a jury trial, defendant was convicted on both Counts. Defendant filed a motion for a new trial, Rule 3:20-1, asserting that the State failed to present evidence from which the jury could reasonably have determined that he possessed the requisite mens rea under the forgery statute. The motion was denied on September 15, 2004. On the same date, defendant was sentenced to ninety days incarceration at the Morris County Jail, to be served in the Sheriff's Labor Assistance Program[1] (SLAP), and three years probation *1031 on the conviction for attempting to obtain a CDS by fraud (Count One). An identical sentence was imposed on Count Two, to run concurrent with the sentence on Count One. Appropriate assessments were also imposed. Defendant appealed. On February 4, 2005, an order was entered in the Law Division staying the sentence pending this appeal. Except to vacate the sentence imposed on Count Two, which should have merged with defendant's conviction on Count One, we affirm.
In January 2002, defendant suffered severe accidental injuries, requiring him to undergo four surgeries between January 2002, and April 2003. Following the surgeries, defendant was prescribed Oxycontin and Percocet, and became addicted to the drugs.
On April 28, 2003, defendant's physician, Dr. Silk, delivered to defendant a completed prescription, to which a blank prescription form was accidentally attached. On the same date, defendant filled in the blank prescription form for ninety 10-mg Percocet pills in the name of a fictitious person, Steven Williams; forged Dr. Silk's signature; and presented the same to a clerk at the Morris Plains Pharmacy. The clerk presented the prescription to the pharmacist who recognized that the signature was forged. The clerk attempted to stall defendant while the police were summoned, but defendant left the store. Approximately five hours later, defendant returned to the pharmacy and was recognized by the clerk. The clerk again attempted to stall defendant, but defendant left the pharmacy a second time. The police arrived and apprehended defendant in his automobile outside the pharmacy. Defendant initially denied attempting to pass the forged prescription, but later admitted to the act. Defendant advised the police he had left the pharmacy because he felt remorseful, knowing that his actions were "illegal" and envisioning the possible impact that his actions could have on his family and employment, not because he thought he "was going to be apprehended or that [the pharmacist] called the police."
On appeal, defendant argues:
POINT I.
THE CONVICTION OF FORGERY SHOULD HAVE MERGED INTO THE CONVICTION OF ATTEMPT TO OBTAIN[] A CONTROLLED DANGEROUS SUBSTANCE BY FRAUD. (NOT RAISED BELOW).
POINT II.
DEFENDANT WAS ENTITLED TO A JUDGMENT OF ACQUITTAL ON THE COUNT OF FORGERY OR A NEW TRIAL DUE TO A LACK OF PROOF REGARDING HIS PURPOSE TO DEFRAUD AND LACK OF PROOF REGARDING AN INJURED PARTY.
A. THERE IS NO EVIDENCE EVEN INDICATING THAT DEFENDANT INTENDED TO DEFRAUD OR INJURE ANYONE.
B. THERE IS NO EVIDENCE THAT THERE WAS OR COULD HAVE BEEN AN INJURED PARTY AS A RESULT OF DEFENDANT'S ACTIONS.
POINT III.
THE COURT GAVE THE JURY INADEQUATE INSTRUCTIONS ON THE REQUISITE MENS REA FOR A FORGERY CONVICTION.
POINT IV.
THE COURT'S FAILURE TO TAILOR THE CHARGE ON RENUNCIATION TO THE FACTS OF THE CASE *1032 CONSTITUTED PLAIN ERROR WARRANTING A REVERSAL. (NOT RAISED BELOW).
POINT V.
THE COURT SHOULD REVERSE THE JURY'S VERDICT ON COUNT ONE BECAUSE [THE] PROSECUTOR'S WRONGFUL AND PREJUDICIAL REMARKS MADE DURING SUMMATION DEPRIVED DEFENDANT OF A FAIR TRIAL. (NOT RAISED BELOW).
POINT VI.
THE COURT SHOULD REVERSE THE JURY'S VERDICT ON COUNT ONE AS TAINTED BY THE IMPROPER VERDICT ON COUNT TWO.
We have reviewed each of these arguments in light of the record and the pertinent law, and we conclude that the arguments presented under Points IV, V, and VI are without merit. R. 2:11-3(e)(2). We find it necessary only to discuss defendant's arguments under Points I, II, and III.
Defendant argues that the trial judge erred in denying his motion for judgment of acquittal made at the end of the State's case, asserting that the State had not proffered any evidence from which the jury could have inferred that he possessed the requisite mens rea under the forgery statute.
At the close of the State's case, or after all evidence has been presented, the court must, on motion by defendant or on its own initiative, grant a motion to acquit if "the evidence is insufficient to warrant a conviction." R. 3:18-1. When a motion is made pursuant to Rule 3:18-1, the trial judge must deny the motion if "viewing the State's evidence in its entirety, be that evidence direct or circumstantial," and giving the State the benefit of all reasonable inferences, "a reasonable jury could find guilt beyond a reasonable doubt." State v. Reyes, 50 N.J. 454, 458-59, 236 A.2d 385 (1967). An appellate court will apply the same standard as the trial court to decide if a judgment of acquittal was warranted. State v. Moffa, 42 N.J. 258, 263, 200 A.2d 108 (1964).
Although it is undisputed that defendant wrote a prescription for Percocet prescribed to a fictitious person, forged Dr. Silk's name, and attempted to fill the prescription by presenting it to a registered pharmacist, defendant contends that under the forgery statute, N.J.S.A. 2C:21-1a, the State was required to prove that he intended to injure or prejudice the rights of another, and the State failed to present such evidence. Defendant contends that the State's proofs failed because the only person who possibly could have been injured had the transaction been concluded, would have been the pharmacist, and only if defendant failed to pay for the drugs. Defendant asserts that it was always his intention to pay the pharmacist for the drugs, and therefore, the State's proofs failed to establish that he intended to injure or prejudice another person. We disagree.
N.J.S.A. 2C:21-1a provides, in pertinent part:
A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
. . . .
(2) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in *1033 fact the case, or to be a copy of an original when no such original existed.
The State is required to prove that a defendant who "makes, completes, [or] executes... any writing so that it purports to be the act of another who did not authorize that act" commits the act "with [the] purpose to defraud or injure anyone." N.J.S.A. 2C:21-1a. We conclude that the jury was presented with sufficient evidence to infer that defendant acted with the purpose of defrauding another ("anyone") because the State may be an "injure[d]" person under the statute. State v. Johnson, 115 N.J.Super. 6, 9, 277 A.2d 894 (App.Div. 1971); State v. Longo, 132 N.J.L. 515, 519, 41 A.2d 317 (Sup.Ct.), aff'd, 133 N.J.L. 301, 44 A.2d 349 (E. & A.1945). In Johnson, the defendant was convicted of uttering a forged driver's license to a police officer, contrary to N.J.S.A. 2A:109-1, the predecessor forgery statute. The pre-code statute provided:
Any person who, with intent to prejudice, injure, damage or defraud any other person:
a. Falsely makes, alters, forges or counterfeits any record or authentic matter of a public nature or character, or any printed or written instrument or indorsement, acceptance, transfer or assignment thereof; or
b. Utters or publishes as true, any such false, altered, forged or counterfeited matter, knowing the same to be false, altered, forged or counterfeited
Is guilty of a high misdemeanor.
On appeal, the defendant argued that the trial judge should have granted a motion for judgment of acquittal because "there was no proof that anyone was defrauded by said utterance." Johnson, supra, 115 N.J.Super. at 8, 277 A.2d 894. This court rejected that argument, concluding "the `person' defrauded within the meaning of forgery statutes can be a governmental unit." Id. at 9, 277 A.2d 894. However, we reversed the conviction in Johnson, determining that the charge of uttering a forged driver's license should have been prosecuted under the motor vehicle statutes, not the general forgery statute.
In Longo, a Hudson County election official voted in the Republican primary, but, in order to conceal the party affiliation, changed the voting records to reflect that he had voted in the Democratic primary, and was convicted of forgery. On appeal, the defendant argued that there was no intent to injure a person. The court disagreed, stating:
We think an intent to prejudice is clearly inferable from the factual situation presented in this case. The legislature has, by the election laws, provided for the office of Commissioner of Registration and has provided that the record of votes cast by citizens in primary elections be kept, an incident of which is a notation of the party ballot voted by each such voter. It is the established public policy that such record be kept and that it be kept honestly and accurately. The altering or falsification of such a record is at least prejudicial to and a fraud upon the State.
[Longo, supra, 132 N.J.L. at 519, 41 A.2d 317.]
On the other hand, in State v. Weigel, 194 N.J.Super. 451, 462, 477 A.2d 372 (App.Div.1984), this court distinguished Johnson and Longo, and determined that the State was not an "injured person" under the forgery statute because the State did not have a direct interest in the matter. Here, defendant similarly contends that the State is too far removed from the transaction for defendant to be found to have intended to injure the State. We determine otherwise.
*1034 Control, sale, and use of prescription drugs are highly regulated matters in the State of New Jersey. N.J.S.A. 2C:35-1 to -5.3. Control over the manner in which CDS is prescribed by medical providers and dispensed upon prescription by regulated pharmacists is part of the State's overall regulatory scheme controlling the use and sale of CDS. See N.J.S.A. 24:21-1 to -53 (New Jersey Controlled Dangerous Substance Act); N.J.S.A. 45:14-40 to -80 (New Jersey Pharmacy Practice Act); N.J.S.A. 45:9-22.19 (prescription of Schedule II CDS); and N.J.A.C. 8:65-1.1 to -11.7 (regulations pertaining to CDS). "A prescription for a controlled dangerous substance may be issued only by an individual [licensed] practitioner." N.J.A.C. 8:65-7.3(a). "The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription." N.J.A.C. 8:65-7.4(a). We hold that the State has a direct interest in protecting its highly regulatory scheme controlling the prescription, sale, and use of CDS, and therefore, the State is a proper injured "person" under the forgery statute when a defendant attempts to pass a forged prescription to a regulated pharmacy. We are satisfied that the jury was presented with sufficient evidence to infer that defendant acted with the purpose of defrauding the State's regulatory scheme governing the dispensing of CDS.
Defendant, while acknowledging Johnson and Longo, requests that we reject their holdings, citing State v. Raymo, 419 So.2d 858 (La.1982). We decline the invitation. In Raymo, like here, a defendant was charged under Louisiana's general forgery statute after forging a doctor's name to a prescription and attempting to use it to secure drugs for her personal use. On appeal from conviction of the charge, the Louisiana Supreme Court was presented with the question of "whether forgery may be committed without intent to injure or prejudice the rights of another." Id. at 858. The Court reversed, determining that "[t]here is no evidence that she attempted or intended to obtain either medical services from the doctor or the pharmacist without paying for them. She certainly intended to deceive the pharmacist, but she did not intend to injure or prejudice anyone's rights." Id. at 860. Although Justice Lemmon's dissenting opinion in Raymo raised the issue of the State being an injured or defrauded party, see id. at 861 n. 2, the majority never raised nor discussed the issue. Because New Jersey courts have already recognized that the State may be a proper injured "person" under the forgery statute, Johnson, supra, 115 N.J.Super. at 9, 277 A.2d 894, and Longo, supra, 132 N.J.L. at 519, 41 A.2d 317, when the State has a direct interest in the matter, Weigel, supra, 194 N.J.Super. at 462, 477 A.2d 372, we determine Raymo to be of little precedential value.
Defendant also contends that the judge failed to adequately define the requisite mens rea for forgery in the jury instructions. On the issue of mens rea, the charge provided:
The second element that the State must prove beyond a reasonable doubt is that the defendant acted with purpose to defraud or injure, or with knowledge that the defendant is facilitating a fraud or injury.
A person acts purposefully with respect to the nature of his conduct, or the result of that conduct if it is his conscious object to engage in conduct of that nature, or to cause such a result.
A person acts purposefully with respect to attendant circumstances if the person is aware of the existence of such circumstances, *1035 or believes or hopes that they exist[.] ["W]ith purpose,["] ["]design,["] ["]with design,["] or equivalent terms have the same meaning.
A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist or he is aware of a high probability of their existence.
A person acts knowingly with respect to the result of his conduct if he is aware that it is practically certain that his conduct will cause such a result. ["]Knowing[,"] with knowledge[,"] or equivalent terms have the same meaning.
To defraud means to deprive a person of property or any interest, estate, or right by deceit, artifice, trickery, or cheat. To injure means to cause any damage that may ensue to the good name, standing, position, or general reputation of the purported author of the statement. It may also mean to misrepresent, or injuriously affect the sentiments, opinions, conduct, character, prospects, interests, or rights of another.
Purposefully or knowingly are states of mind and cannot be seen and can only be determined by inference from conduct, words, or acts. Therefore, it is not necessary that witnesses be produced by the State to testify that a defendant said he purposefully or knowingly did something. His purpose or knowledge may be gathered from his acts, and his conduct, and from all he did and said at a particular time, and place, and from all the surrounding circumstances in the testimony given.
Defendant contends that the "model jury charge does not adequately distinguish between the act of being fraudulent, i.e.[,] using an artifice of deceit to accomplish a purpose, and an intent to defraud, i.e.[,] to harm or injure." Defendant asserts that a proper charge would have instructed the jury that in order to find him guilty, "they must find that he had a purpose to harm some person or entity." Defendant also contends that the statutory phrase "`with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone' is not applicable to persons who act alone," and therefore, the State was required to prove "an intent" to defraud. He asserts that a "knowing" state of mind only suffices when the actor works with others.
Correct charges are essential for a fair trial. State v. Collier, 90 N.J. 117, 122, 447 A.2d 168 (1982). A jury instruction is "a road map to guide the jury and without an appropriate charge a jury can take a wrong turn in its deliberations." State v. Martin, 119 N.J. 2, 15, 573 A.2d 1359 (1990). The applicable mens rea portion of the forgery statute provides:
A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor. ...
[N.J.S.A. 2C:21-1 (emphasis added).]
The judge instructed the jury that in order to convict, the jury must find that defendant acted with a purpose to defraud or knowledge that he was facilitating a fraud. By the plain language of the statute, the requisite mens rea for forgery is "with purpose to defraud" or "with knowledge that he is facilitating a fraud." While the phrase "to be perpetrated by anyone" is primarily directed at multi-party frauds, it does not exclude the perpetrator who acts with knowledge individually. The actor himself/herself falls within the category of "anyone." Accordingly, "knowledge" that the actor's conduct will facilitate his/her own fraud is sufficient. We find no *1036 error in the jury instruction or in the charge.
Defendant's argument under Point I is not contested by the State. The State concedes that the convictions of forgery and attempt to obtain a CDS by fraud should have been merged for sentencing because the elements essential to convict for forgery were integral to convict on the attempt charge. We concur. See State v. Cole, 120 N.J. 321, 325-30, 576 A.2d 864 (1990). We vacate the sentence on Count Two, and remand to the trial court to amend the judgment of conviction. The merger of the two convictions will not affect defendant's term of incarceration to be served at the Morris County Jail in SLAP because defendant's sentences were to be served concurrently. However, any assessments imposed for the conviction on Count Two must be vacated.
The convictions and the sentence on Count One are affirmed; the stay of the sentence on Count One is vacated; the sentence imposed on Count Two is vacated; and we remand for amendment of the judgment of conviction in accordance with this opinion.
NOTES
[1] The Sheriff's Labor Assistance Program is a community-service program run by the Morris County Sheriff.