RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3879-15T3

STATE OF NEW JERSEY

IN THE INTEREST OF J.L.,

A JUVENILE.

 Argued October 3, 2017 – Decided October 13, 2017

 Before Judges Yannotti and Carroll.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Hudson
 County, Docket No. FJ-09-0595-16.

 Daniel S. Rockoff, Assistant Deputy Public
 Defender, argued the cause for appellant
 (Joseph E. Krakora, Public Defender, attorney;
 Mr. Rockoff, of counsel and on the brief).

 Frances Tapia Mateo, Assistant Prosecutor,
 argued the cause for respondent (Esther
 Suarez, Hudson County Prosecutor, attorney;
 Ms. Mateo, on the brief).

PER CURIAM

 J.L., a juvenile, appeals his adjudication of delinquency for

an act which, if committed by an adult, would constitute fourth-

degree theft, N.J.S.A. 2C:20-3a and N.J.S.A. 2C:20-2b(3). J.L.

argues that the trial judge should have granted his motion for
acquittal at the close of the State's evidence, and that there was

insufficient credible evidence to support the adjudication, both

as to the theft itself and the value of the stolen items. We

disagree and affirm.

 The theft charge arose out of events that occurred in a middle

school classroom on November 18, 2015, at approximately 2:38 p.m.

During the final class period of the day, the victim was teaching

science to a class of thirty-three students, including J.L. She

testified that J.L.'s seat was approximately three feet away from

her desk so she could "closely monitor[]" him. While in the middle

of the classroom giving the students "closing instructions," the

victim heard a commotion and observed J.L. lean over her desk and

look into her personal effects. J.L. then ran from the classroom

"in a great hurry" and "without authorization."

 The victim used her intercom phone to alert school officials

that J.L. was "roaming." She then went over to her desk to see

why the other students appeared so upset and saw that her iPhone

was missing. She testified she used the phone as a timer in the

classroom, and that she left it, along with her purse, in a basket

on her desk, "in an area where kids are [not] supposed to go."

 Since it was dismissal time, the remaining students in the

classroom were released "after we made certain that none of [them]

had it[.]" The victim called police and, with the aid of a friend,

 2 A-3879-15T3
used a "Find my iPhone" application to track her phone. She

testified she "looked up on the school system, cross-referenced

where [J.L.] lived and there the phone is going toward[] [J.L.'s]

house."

 Accompanied by police, the victim went to J.L.'s home, where

she asked him to "[j]ust give the phone back and there will be no

consequences." J.L. "started to cry" and "was kind of shaky."

Neither the police nor the victim entered the home, however, and

the phone was never recovered.

 The victim testified, without objection, that she originally

paid "about $500" for the iPhone model 5c, and $48 for its

protective case. When asked the value of those items, she stated

she would have to pay her cell phone carrier $500 for the phone

and $48 for the case. Instead, she went "off-market" and bought

a replacement iPhone 5c and case at a total cost of $300.

 On cross-examination, the victim testified she was familiar

with the "sibling pick-up program" at the school. She explained

the program permits "approved children" to report to a younger

sibling's classroom at 2:40 p.m. and remain there "until the

younger sibling's teacher dismisses them." To be approved for the

program, the school sends a letter to parents, who must sign and

return it if they wish to participate. J.L. was "not on [the

 3 A-3879-15T3
victim's] list to leave for sibling pickup," nor was she aware

that J.L. had any younger siblings in the school.

 After the State rested, defense counsel moved for a directed

verdict of acquittal. Counsel argued the State failed to adduce

any evidence that J.L. ever possessed or exercised control over

the teacher's phone. In denying the motion, the judge acknowledged

that the victim did not observe J.L. with the phone in his

possession. However, the judge found that, giving the State the

benefit of all inferences that could be derived from the

circumstantial evidence presented, it was "clear that the motion

should be denied."

 J.L.'s father, B.L., testified that his younger daughter

attends the same school. B.L. stated he became familiar with the

sibling pick-up program through his wife, and that J.L. "leaves

his class a little early" to pick up his younger sister from her

classroom on days when B.L. is unable to pick her up. When asked

whether J.L. picked his sister up on November 18, 2015, B.L.

replied: "Yeah, I believe so because I was . . . laying down and

both of them [were] in the house so obviously he picked [her] up."

On cross-examination, B.L. indicated his wife was the source of

much of his knowledge and he "never saw the document or filled out

the papers" to authorize the children's participation in the

sibling pick-up program.

 4 A-3879-15T3
 After considering the evidence, the judge adjudicated J.L.

delinquent, despite his counsel's argument that the State failed

to prove the alleged theft. The judge reasoned:

 [The victim] has a class in which [J.L.] is
 one of the students and at about 2:38 p.m.
 shortly before the [] last class of the day
 ended . . . the attention of [the victim] was
 called to [J.L.] and to her desk and she did
 see [J.L.] leaning over her desk and that was
 shortly before he ran out of the class without
 authorization. He did not have permission to
 leave the class, certainly not [to] run out
 of the class.

 And the reason why he ran out of the class
 without permission is because he had taken her
 phone without her permission from where the
 phone was on top of the desk in a basket. That
 was shortly before the bell rang. She saw him
 looking at the top of her desk and then shortly
 after that she noticed that her phone was
 missing.

 . . . .

 Based on those findings of fact, namely the
 fact that [J.L.] had [] approached the desk
 and was looking at the items on top of the
 desk, that at some point he was leaning over
 the desk, I conclude that without the
 permission of the teacher [] he . . . purposely
 took the phone and exercised control over it.

 He took it away with him. His purpose was to
 deprive the owner of the phone. And I think
 that the fact that he left the class without
 permission and ran out is an indication to me
 that he did in fact take that phone and
 together with the other circumstantial
 evidence it satisfies the State's burden of
 proof beyond a reasonable doubt.

 5 A-3879-15T3
 However, the judge concluded the State did not present

sufficient evidence to show that J.L. committed third-degree

theft, as originally charged, which required a finding that the

stolen items ranged in value from $500 to $75,000. Instead, based

on the victim's testimony, the judge found the value of the stolen

phone was approximately $348, thus establishing a fourth-degree

theft.

 At a subsequent dispositional hearing, the court ordered six

months of informal home detention, conditioned on J.L.

successfully completing an evening reporting center program and

undergoing random substance abuse testing. This appeal followed.

 On appeal, J.L. raises the following arguments:

 POINT I

 THE COURT ERRED BY (1) NOT DISMISSING THE
 CASE, BECAUSE THE STATE OFFERED NO EVIDENCE
 THAT J.L. COMMITTED THE OPERATIVE ACT, AND
 ERRED AGAIN BY (2) ADJUDICATING J.L. GUILTY
 BEYOND A REASONABLE DOUBT.

 (1) The Court Erred By Not Granting
 J.L.'s Motion To Dismiss At The
 Close Of The State's Case.

 (2) The Court Erred By Not Entering
 A Judgment of Acquittal At The Close
 Of Trial.

 POINT II

 THE COURT ERRED BY NOT DISMISSING THE CASE AND
 BY ADJUDICATING J.L. GUILTY OF FOURTH-DEGREE
 THEFT, BECAUSE THE STATE OFFERED NO EVIDENCE

 6 A-3879-15T3
 OF THE FAIR MARKET VALUE OF THE USED PHONE AT
 THE TIME AND PLACE OF THE OPERATIVE ACT, WHICH
 IS AN ELEMENT OF THE OFFENSE. THE REPLACEMENT
 COST OF A NEW PHONE, WHICH THE COURT RELIED
 ON INSTEAD TO ASSESS VALUATION, IS IRRELEVANT
 TO A CONVICTION UNDER N.J.S.A. 2C:20-2B.

 Our standard of review in juvenile delinquency bench trials

"is narrow and is limited to evaluation of whether the trial

judge's findings are supported by substantial, credible evidence

in the record as a whole." State in the Interest of J.P.F., 368

N.J. Super. 24, 31 (App. Div.) (citing State v. Locurto, 157 N.J.

463, 471 (1999); State v. Johnson, 42 N.J. 146, 161 (1964)),

certif. denied, 180 N.J. 453 (2004). In order to find a violation,

the court must conclude that the State proved each element of the

offense charged beyond a reasonable doubt. State ex rel. J.G.,

151 N.J. 565, 593-94 (1997). We do not engage in an independent

assessment of the evidence as if "[we] were the court of first

instance." Johnson, supra, 42 N.J. at 161. Rather, we give

special deference to the trial judge's findings, particularly

those that are substantially influenced by the judge's opportunity

to observe the witnesses directly. Id. at 162. However, we need

not defer to the trial judge's interpretation of the law. State

v. Brown, 118 N.J. 595, 604 (1990).

 Mindful of these standards, we reject J.L.'s arguments and

affirm substantially for the reasons expressed by Judge Alvaro L.

 7 A-3879-15T3
Iglesias in his cogent oral opinion. We add the following

comments.

 J.L. first argues that the trial court erred in denying his

motion for a judgment of acquittal. He contends "the State offered

no evidence that J.L. ever took anything off [] the teacher's

desk" and the court "erroneously relied on so-called

circumstantial proofs," which he asserts were inadequate to

adjudicate him guilty beyond a reasonable doubt. We do not find

this argument persuasive.

 In reviewing a motion for acquittal based on insufficient

evidence pursuant to Rule 3:18-1, we apply the same standard as

the trial court. State v. Bunch, 180 N.J. 534, 548-49 (2004);

State v. Felson, 383 N.J. Super. 154, 159 (App. Div. 2006). Thus,

a motion for judgment of acquittal will not be granted where:

 [V]iewing the State's evidence in its
 entirety, be that evidence direct or
 circumstantial, and giving the State the
 benefit of all its favorable testimony as well
 as all of the favorable inferences which
 reasonably could be drawn therefrom, a
 reasonable jury could find guilt of the charge
 beyond a reasonable doubt.

 [State v. Reyes, 50 N.J. 454, 459 (1967).]

 The probative value of proffered evidence is not diminished

by the fact that it is circumstantial. See State v. Carroll, 256

N.J. Super. 575, 603 (App. Div.), certif. denied, 130 N.J. 18

 8 A-3879-15T3
(1992). Circumstantial evidence alone will support a judge or

jury's verdict of guilt. Ibid. Also, an inference reasonably may

be drawn by a factfinder when "'it is more probable than not that

the inference is true; the veracity of each inference need not be

established beyond a reasonable doubt in order for the [finder of

fact] to draw the inference.'" State v. Thomas, 132 N.J. 247, 256

(1993) (quoting State v. Brown, supra, 80 N.J. 587, 592 (1979)).

 Here, the State's proofs that J.L. stole the phone from his

teacher's desk were entirely circumstantial. Nevertheless, the

judge properly applied the Reyes standard and, viewing the evidence

in the light most favorable to the State, and affording the State

the benefit of all reasonable inferences, correctly denied J.L.'s

motion for a judgment of acquittal.

 We likewise reject J.L.'s next contention that the judge

should have dismissed the charges at the conclusion of the case,

following his father's testimony. However, B.L.'s testimony did

not exonerate J.L. B.L. did not return the required papers to the

school, and J.L.'s name did not appear on the school's approved

list for the sibling pick-up program. The incident occurred in

November, more than two months into the school year; the teacher

was unaware that J.L. had a younger sibling in the school; and,

during those two months, there is no competent evidence that J.L.

left class early to pick up his younger sister. B.L.'s testimony

 9 A-3879-15T3
thus failed to rebut the judge's reliance on J.L.'s abrupt,

unauthorized departure from the classroom as a basis for finding

he committed the theft. Additionally, B.L. was sleeping on the

day of the incident, and his testimony about the sibling pick-up

program was largely dependent on information he gleaned from his

wife, who did not testify.

 Equally unconvincing is J.L.'s final argument that the State

failed to prove the value of the phone and protective case. J.L.

correctly asserts that, in a theft prosecution, the stolen items

are to be valued at the time of the theft. State v. Gosa, 263

N.J. Super. 527, 537 (App. Div.), certif. denied, 134 N.J. 477

(1993). "[F]or purposes of fixing the degree of an offense, that

value shall be the fair market value at the time and place of the

operative act." N.J.S.A. 2C:1-14m.

 Theft is graded as a third-degree crime if the amount involved

exceeds $500 but is less than $75,000, N.J.S.A. 2C:20-2b(2)(a); a

fourth-degree crime if it is at least $200 but does not exceed

$500, N.J.S.A. 2C:20-2b(3); and a disorderly persons offense if

the amount involved is less than $200. N.J.S.A. 2C:20-2(4)(a).

 It has consistently been held in this State
 that the owner of an article of personal
 property, whether or not he is generally
 familiar with the value of like articles, is
 competent to testify as to his estimate of the
 value of his own property and that the extent

 10 A-3879-15T3
 of its probative value is for the
 consideration of the [trier of fact].

 [State v. Romero, 95 N.J. Super. 482, 487
 (App. Div. 1967) (citing Teets v. Hahn, 104
 N.J.L. 357, 359 (E. & A. 1928); Nixon v.
 Lawhon, 32 N.J. Super. 351, 355-56 (App. Div.
 1954); Kazanjian v. Atlas Novelty Co., 34 N.J.
 Super. 362, 369 (App. Div. 1955)).]

 Thus, in the present matter, the victim was competent to

testify as to the value of her stolen phone and case. Her testimony

that it cost $348 to purchase a like model iPhone and case was

sufficient to establish fourth-degree theft. Moreover, J.L. did

not object to this testimony. A failure to object leads to the

reasonable inference that the issue was not significant in the

context of the trial. State v. Macon, 57 N.J. 325, 333 (1971).

 Affirmed.

 11 A-3879-15T3